### HUNTER v. SHERIFF ST. MARKET & STOR. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6519.   Decided May 10, 1926

**997. REAL ESTATE—Duty devolves upon owner of building to keep aisles under his control, and in safe condition.**

WILLIAMS, J.

Mrs. Adam Hunter, while standing, in an aisle of the building owned and opearted by the Sheriff St. Market Co., was injured by a truck being pushed along said aisle by an employee of a tenant in said building. It appears from the evidence that the company had complete control of all aisles in said building; that the operator of said truck attempted to stop it, but owing to the slippery condition of the floor said truck slid along same until it struck Hunter.

After all evidence was presented by Hunter, the company moved for a directed verdict, and said motion being granted, Hunter prosecuted error.   The Court of Appeals held:

1. The general rule regulating the rights of the parities in this case is laid down in 112 OS. 122 which decides that if owner retains control of halls, etc., it is his duty to exercise ordinary care to keep same in a reasonably safe condition.

2. The aisle in which the collision occurred was under the control of the Company.

3. It was for a jury to determine whether or not such aisle was kept in safe condition by the company, and if not whether or not the condition was the proximate cause of the injury.

4. The court below erred in directing verdict.

Judgment reversed and cause remanded for new trial.

Attorneys—David P. Bowden for Hunter; Dustin, McKeehan, Merrick, Arter & Stewart for Market Co.; all of Cleveland.

Judges Richards, Williams and Young of the Sixth Appellate District, sitting.

No. 498

### GOODMAN v. GOODMAN

Ohio Appeals.   8th Dist. Cuyahoga Co.

No. 6347.   Decided Jan. 25, 1926.

**367. DEEDS—Deed executed by two grantors, but not delivered until after death of one, and then delivered by other, good as to such delivering grantor.**

WASHBURN J.

Inez Goodman instituted this proceedings in Cuyahoga Common Pleas for the purpose of setting aside a certain conveyance made to her stepson Minton Goodman.

It appears from the evidence that about a year previous to his death, F. C. Goodman, husband of Inez Goodman, executed a deed to some property, in which deed she also joined, conveying said property to Minton Goodman. F. C. Goodman, at time of making said conveyance held the fee to said property.

After execution of this deed, F. C. Goodman placed same in a sealed envelope, and instructed his wife to deliver same after his death to grantee.

Immediately after the death of grantor, this deed was delivered by Inez Goodman to her stepson Minton Goodman with instructions to record same.

Inez Goodman, claiming dower in said property brought this action to set aside said conveyance.   Court refusing relief prayed for, appeal was had.   Court of Appeals held:

1. Evidence disclosed that Inez Goodman fully understood the nature of the transaction to which she was a party.

2. Altho the deed was void for want of delivery, Minton Goodman became vested with fee in said property at death of his father.

3. Dower in said property was vested in Inez Goodman immediately on death of husband.

4. Delivery of this conveyance by her after dower vested in her worked a disposition of all interest she had in said property.

5. As to her it was a valid deed of all interest she had in the property at time of delivery by her.

Decree denied and judgment affirmed.

Attorneys—C. Maloney and J. A. Ryon for Inez Goodman and A. M. Gibbons for Minton Goodman, all of Cleveland.

Judges—Pardee, Washburn and Funk of Ninth District, sitting.