## TOTH PROVISION CO v BAGNULL

Ohio Appeals, 7th Dist, Mahoning Co

Decided July 23, 1935

Harrington, Huxley & Smith, Youngstown, and Comus Beard, Youngstown, for plaintiff in error.

Morris Mendelssohn, Youngstown, for defendant in error.

KLINGER and GUERNSEY, JJ, (3rd Dist) sitting by designation.

**250**

## OPINION

By GUERNSEY, J.

There are a number of assignments of error in the petition in error, but in the view we take of this case it is necessary to discuss only the sixth assignment of error, which is that the court erred in overruling defendant's motion for a directed verdict at the close of all the evidence, as the consideration of this assignment of error disposes of the whole case.

Upon this assignment of error it is contended by the defendant: First, that the defendant owed no duty to the plaintiff upon which liability for negligence could be founded; Second, that there is no evidence tending to prove negligence on the part of the defendant; Third, that the evidence shows that the plaintiff was contributorily negligent as a matter of law.

These contentions will be discussed in the order mentioned.

1. It is held in the case of **Hunter v The Sheriff Street Market & Storage Co., 23 Oh Ap, 363, (4 Abs 386)** that where aisle in building operated by defendant, in which were located stands leased to dealers, was under defendant's control, it was the duty of defendant to exercise ordinary care to keep aisle in reasonably safe condition for the use of tenants and their customers.

The decision in this case is based on the decision of the Supreme Court in the case of **Davies, a minor, v Kelly, 112 Oh St, 122,** a case involving a somewhat similar state of facts, wherein the same holding is made as to the duty of the lessor, under similar circumstances, and it is further held that such duty extends not only to the tenant himself but also to members of his family, employes, guests and invitees.

As between the defendant and the Todd DeLuxe Grocery Company, the defendant was the lessor and the grocery company was the tenant of the portion of the premises occupied by the grocery company, and under the evidence in this case the lessor retained at least a partial control over the aisle in which the accident occurred, and it was therefore the duty of the provision company to the plaintiff as an employe of the grocery company, in the use of the aisle for the conduct of defendant's business, to exercise ordinary care to keep the aisle in reasonably safe condition for use by her in the performance of her duties as such employe.

2. The question of negligence is to be determined by the consideration whether or not a party has guarded against those things which he might reasonably have had cause to anticipate. **B. & O. R. R. Co. v Wheeling P. & C. Co., 32 Oh St, 116.**

If under the agreement between the defendant and the grocery company the use of the aisle had been restricted to passageway purposes it would clearly appear as a matter of law that the defendant did not reasonably have any cause to anticipate and had no duty to guard against injury to persons incident to the use of such aisle for climbing up and down shelving adjacent thereto, but in the instant case the use of the aisle was not so restricted. It extended to the use of the aisle space by the grocery company and its employes as a base for the handling of goods and the placing of them on and removing them from the shelving, and under this state of facts it was a question for the jury to determine as to whether the defendant might reasonably have had cause to anticipate and guard against injuries sustained by the plaintiff in her use of the aisle and shelving in the manner in which she used them for the removal of goods from shelves.

3. This leaves the question as to whether the plaintiff was contributorily negligent as a matter of law, barring her from recovery.

The evidence shows that on the morning of the day of the accident this plaintiff saw the bag of onions in the aisle where the accident later occurred. Her reason for not taking the presence of the bag of onions into consideration at the time she climbed the shelves and stepped down on the bag, was that her mind was on her work and she did not stop to think at the time; that she was busy at the time and was waiting on a customer and had her mind on her work, and that she began to come down again and was still looking up and thinking of waiting on her customer when she stepped back on the sack of onions and they started rolling and she fell.

To forget is not negligence unless it amounts to a failure to exercise ordinary care for one's safety. 45 C. J., 950.

As such an interval of time elapsed between the time she observed the sack of onions in the aisle in the morning and the time of the accident, and the sack of onions was in the nature of a temporary obstruction of and not a defect in the aisle, the question as to whether an ordinarily prudent person would not at the time the accident occurred have forgotten its presence was a question for determination by the jury.

Irrespective of the question as to whether the plaintiff was negligent in forgetting the presence of the sack of onions in the aisle, there is another question and that is as to whether plaintiff was contributorily negligent as a matter of law in beginning to climb down the shelves and while still looking up and thinking of waiting on her customer, stepping back on the sack of onions with such weight and force as to cause her to fall when the sack started rolling.

There is an old axiom applicable to the plaintiff's conduct in this respect, the axiom being "Look before you leap," and this rule of conduct is so well settled that a violation of it without a reasonable excuse is negligence. The plaintiff at the time the accident occurred was at some elevation above the floor of the aisle and while looking upward she stepped back with such force and weight onto the sack of onions as to throw her off her balance when the sack rolled. From this it would appear that she voluntarily stepped backward and downward on the sack, or voluntarily took an unrestrained step backward and downward without regard to her elevation from the floor and without regard to where she was stepping.

A person is required to make reasonable use of his faculties of sight, hearing and intelligence to discover dangers and conditions of danger to which he is or might be exposed. 45 C. J., 947.

Ordinary prudence requires every person who is in full enjoyment of his faculties of hearing and seeing, before attempting a dangerous act or operation, to exercise them for the purpose of discovering and avoiding peril. The omission to do so, without a reasonable excuse therefore, is negligence, and will defeat an action by such person for an injury to which such negligence contributed. 29 O. Jur., 554, 555.

The plaintiff at the time she was injured was engaged in a dangerous act and her omission to exercise her faculties of seeing for the purpose of discovering and avoiding peril was negligence, and there is a direct causal connection between such omission and the injuries suffered by the plaintiff. Plaintiff was therefore contributorily negligent as a matter of law which barred her from recovery. The court therefore erred in overruling the motion of the defendant for a directed verdict at the close of all the evidence.

The judgment will therefore be reversed and final judgment in favor of the plaintiff in error entered, at costs of defendant in error.

Judgment reversed.

KLINGER, J, concurs.