JESSE B. HINTHORN, *Appellant*, v. HUGH H. BENFER,
*Appellee*.

No. 18,311.

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Defective Stairway—Personal In-
juries—Duty of Landlord.*  A narrow porch or landing of an
outside stairway used and intended for the use of different
tenants of a building, and connected with a common hallway,
is part of the stairway itself and necessarily in the possession
and control of the landlord; and he is bound to exercise
reasonable care to render it safe for the use which he invites
others to make of it.

2. ———— *Same.*  Whether the landlord in this case was guilty
of negligence in failing to discover the defective condition of
the landing was a question of fact for the jury, and it was
error to sustain a demurrer to the evidence.

Appeal from Brown district court; WILLIAM I.
STUART, judge.  Opinion filed November 8, 1913.  Re-
versed.

*S. M. Brewster*, of Troy, and *Sample F. Newlon*, of
Hiawatha, for the appellant.

*C. F. Reavis*, of Falls City, Neb., *W. F. Means*, of
Hiawatha, and *W. E. Archer*, of Horton, for the ap-
pellee.

The opinion of the court was delivered by

PORTER, J.: To recover damages for the death of his
wife, a tenant sued his landlord, alleging that her death
was caused by the carelessness and negligence of the

defendant in the construction and maintenance of the railing of a porch on the demised premises. The court sustained a demurrer to the plaintiff's evidence and rendered judgment against him for costs, from which he appeals.

The defendant owned a two-story stone building in the city of Hiawatha. The lower part was occupied for store purposes; the upper part was divided into two tenements separated by a hall running north and south, the house fronting north. The plaintiff rented the east side and the other side was occupied by another tenant of the defendant. The only way to enter the premises was by two stairways, one on the north and one on the south, both leading to the hall, which ran the whole length of the building. At the south and rear end of the hall a door opened upon a porch or landing place from which a stairway led to the ground. The hall and both stairways were used by the tenants in common. The rear porch was five feet wide north and south, and nine feet long east and west. The railing on the west side of this landing consisted of a two-by-four nailed to two uprights, one of which was fastened to the wall of the building. There was testimony tending to show that the end of the rail which rested upon the upright next to the building had become rotted and to some extent decayed, and that the nails by which it was fastened were rusted. The plaintiff and his family had occupied the premises as tenants of the defendant for more than ten years. On the night of the accident the plaintiff's wife took a broom and went out to sweep the snow from this porch. The evidence tended to show that she fell against or in some way came in contact with the railing, that it gave way, and she fell to the ground and was killed.

The defendant claims that for two reasons the demurrer was rightly sustained. First, it is claimed the evidence shows conclusively that the porch or landing place was not in the common use of both tenants, but

that each tenant had the use and possession of one-half thereof; and that, since the landlord is under no obligations to repair premises in the possession and control of the tenant, he can not be held liable in this case. There was some evidence by the plaintiff that it was customary for his family to make use of that portion of the porch on their side of the doorway for the purpose of storing wood and household utensils, and that the other side was used in the same way by the other tenant. It is conceded that if the place was used as a common porch by both tenants, then it was in the possession and control of the landlord, and he was bound to exercise reasonable care to keep it in a safe condition. We have no hesitation in holding that this narrow porch or landing was as much in the common use of both tenants as was either the hall or the stairway itself. The mere fact that the tenants divided the use of the floor of the porch for the purpose of keeping some of their household effects separated was not, in our opinion, sufficient to show that half of the porch was in the possession of one tenant and half in the other. The stairway, which appears from the photograph in evidence to have been about four feet wide, led from the center of the landing, leaving a space on either side of about two and one-half feet. The hall and stairway are conceded to have been for the common use of both tenants, and it seems unreasonable to hold that the narrow space on either side of the passageway leading from the hall to the stairway was not as much in the possession and control of the landlord as were the stairs and hallway themselves. Where a portion of the building is let and the tenant has rights of passageway over stairs and entries in common with the landlord and other tenants, the landlord is bound to exercise reasonable care to render the halls and stairways safe for the uses which he invites others to make of them. (*McGinley v. Alliance Trust Co.*, 168 Mo. 257, 66 S. W. 153, 56 L. R. A. 334; *Readman v.*

*Conway,* 126 Mass. 374; *Looney v. McLean,* 129 Mass. 33, 37 Am. Rep. 295.) The facts speak for themselves; the law is so well settled that it is unnecessary to cite other authorities.

The other ground upon which it is said the demurrer was sustained is, that the alleged defect conclusively appears from the evidence to have been a latent one, and therefore no negligence of the defendant was shown. Some stress is laid upon the fact that the plaintiff in his petition, possibly for the purpose of avoiding the imputation of contributory negligence, alleged that the defective condition of the railing was unknown to himself or his wife, and that it was not apparent from an examination of the railing. In addition to this statement in the petition, the plaintiff testified that he thought the railing was safe; that there was nothing to indicate to him that it was unsafe, and that he presumed it would have been necessary to remove the rail before its decayed condition could have been discovered. He testified, however, that he never had made any examination of its condition before the accident. He was asked by the court this question:

"Looking at it, would you say there was anything that night from mere observation that would enable anybody to determine the actual condition it was in? A. No, sir, I think not."

The direct question was asked him:

"Could that have been discovered, in your judgment, without removing the rail from the post? A. I don't believe it could have been."

It is altogether probable that this was the principal ground upon which the court sustained the demurrer. We think it was error, and that the question of whether the defendant was guilty of negligence in not discovering the defective condition of the railing was one which should have been submitted to the jury. If this were a question of pleading and the old rule was literally enforced that the averments of the pleading are

always to be construed against the pleader, possibly a different question would arise (*Losch v. Pickett*, 36 Kan. 216, 222, 12 Pac. 822; 31 Cyc. 81), but we think the language of the pleading means, giving it a liberal construction, that the defect could not have been discovered by a casual examination. The petition does allege that the defendant could have discovered it by the exercise of reasonable care on his part. It is very clear that there was no such obligation resting on the plaintiff or his wife to inspect the railing for the purpose of discovering whether it needed repair as rested upon the defendant. They were under no obligations to repair and were warranted in using the premises unless the defect was one which was so apparent that it was negligence to continue such use. There was no obligation on their part to look further. On the other hand, as to that part of the building used in common by both tenants the landlord was necessarily in control, for the reason that he maintained it for the common use of both tenants, and he was bound to see that reasonable care and skill were exercised to render it reasonably fit for the uses for which it was intended. The evidence tends to show that no alteration or repairs had been made in the railing from the time the porch was constructed ten or twelve years before; that about three months previous to the accident plaintiff told the defendant the stairway needed fixing. Defendant said he knew that it ought to be fixed and he would attend to it. There was nothing said about the railing or the porch. Sometime thereafter the defendant made some repairs to the stairway and to the floor of the porch. Conceding that plaintiff is bound by his unequivocal statements that the defect could only be discovered by such an examination as required that the railing be lifted up, he was at least entitled to have the question submitted to the jury whether defendant was not guilty of negligence in failing to make such an

inspection and examination as would have disclosed the defective condition of the railing.

The judgment will be reversed and a new trial ordered.