Matthias, J.
 

 The record in this case presents the question of the liability of a landlord for an
 
 *125
 
 injury resulting from the defective condition of a stairway and porch erected and maintained for the purpose of accommodating several tenants occupying different portions of the premises.
 

 From the undisputed facts in the record it appears that the several apartments of a 20-suite apartment building owned by Mrs. Kelley, were rented by her to various tenants without written lease, and upon an agreed rental, payable monthly; that although there was no express reservation by the landlord of control over, or responsibility for, any portion of such premises, or of the stairs or porches appurtenant thereto, it is clear that the porch and stairway in question provided a rear exit for, and was used in common by, the two tenants occupying adjoining, second floor apartments; and that neither of the tenants occupying the two apartments, for which such porch and stairway furnished the means of rear ingress and egress, had or exercised control thereover, but that during their tenancy the owner, through her janitor, who had charge of such building, did care for such stairway and porch.
 

 The fact is undisputed that the plaintiff, then two years of age, living in one of the- first floor apartments of such building with his parents, while returning from a visit with Mrs. Weaver, a tenant of one of the two second floor apartments above referred to, fell from the porch, and sustained injuries, which evidence in the record tends to show resulted from the defective condition of the railing on such porch.
 

 The cases heretofore reported by this court, involving the duty of a landlord to a tenant and
 
 *126
 
 others rightfully upon leased premises, and his responsibility for failure to keep the same in proper repair, have had to do only with instances where the tenant himself had full possession and complete control over the property, as was the situation in the cases of
 
 Burdick
 
 v.
 
 Cheadle, 26
 
 Ohio St., 393, 20 Am. Rep., 767, and
 
 Shindelbeck
 
 v.
 
 Moon,
 
 32 Ohio St., 264, 30 Am. Rep., 584, or where there was an express reservation, as in
 
 Stackhouse
 
 v.
 
 Close,
 
 83 Ohio St., 339, 94 N. E., 746.. In none of those cases was the responsibility for the condition of a portion of leased premises used jointly by several tenants involved. As stated in the opinion in
 
 Burdick
 
 v.
 
 Cheadle, supra,
 
 at page 396:
 

 “The duty here referred to does not arise upon the contract of lease, but is one which the law imposes upon the owners of property, and is expressed in the maxim,
 
 ‘sic utere tuo ut alimrnn non laedas.’”
 

 And in the further discussion it is stated:
 

 “This principle ordinarily applies only to persons in possession, and having control of the property, either as owners or tenants. But in case a landlord undertakes with his tenant to keep the premises in repair, having thus reserved the control to the extent necessary for making repairs, his duty to the public in relation to the property is not affected by the lease, and he remains responsible, under the doctrine of the above maxim, for defects arising from the want of repairs during the continuance of the lease.”
 

 The principle applicable to all oases is stated as follows in
 
 Shindelbeck
 
 v. Moon,
 
 supra,
 
 at page 267:
 

 
 *127
 
 “Whoever had control of the premises at the time the cause of injury originated, that person is liable in damages; which simply means that the party in fault must respond.”
 

 The rule particularly applicable to a situation such as here presented is stated in 16 Ruling Case Law, p. 1072, as follows:
 

 “So where premises are let to several tenants, each occupying different portions, but all enjoying or using certain portions in common, such as the entrances, halls, stairways, etc., of the tenements or apartment houses, the landlord is held to be in control, and owes not only to his tenants, but to those lawfully on the premises as the servants, guests, and customers of the tenants, the duty to exercise reasonable care and diligence to keep such parts in safe condition, and for failure to do this he is liable to such servants, guests, etc., injured in consequence of his negligence, and without fault on their part.”
 

 The author proceeds to set forth cogent reasons for the rule stated, being in substance that when houses, which can only be reached by the use of a common passage, are rented for dwellings, the necessity of such use for the beneficial enjoyment of the thing demised establishes a right to such use, and imposes an obligation upon the landlord to exercise reasonable care in maintaining the passage safe for such use; and, further, that the duty of the landlord to all persons visiting such tenant upon lawful occasions is similar to that which he owes the tenant.
 

 While in the case at bar it did appear that one of the tenants of the two apartments in question
 
 *128
 
 could reach, the rear yard by going down his inside front stairway, and thence through a passageway to the rear of the apartment, yet, as heretofore stated, the kitchen door of each of the apartments opened onto this' second-floor porch reached by the rear outside stairway, and it was thereby clearly designed and maintained for use, and in fact was used, by both of said tenants. True, a mere amicable joint user, not required by the character of the premises or authorized by the landlord, would not bind him; but here a joint user was clearly contemplated by the character of construction, its design for joint user by the several tenants, and its maintenance therefor, in addition to the necessarily known manner of occupancy and use of that portion of the premises.
 

 In a situation such as the facts here disclose it is quite apparent that neither of the tenants could have exclusive control or exclusive use and occupancy of the stairway and porch which served as a means of rear entrance and exit for both apartments, and therefore that neither would have any responsibility to keep that portion of the premises, so necessarily jointly used, in repair and in proper condition for the use of the other. The occupants of these two apartments were several and not joint tenants of the owner. The record further discloses that the defendant construed the relationship between herself and tenants served jointly by such stairway and porch, to be such that the obligation remained upon her to care for that portion of the premises, for, not only had her janitor previously cared for and made some repairs thereon during such tenancy, but in her
 
 *129
 
 testimony she stated that she had not seen that there were any spindles ont, but “if there had been I would have given the carpenter orders to have them put back.”
 

 Many cases could be cited supporting the text above quoted from Ruling Case Law, but we will note only those deemed especially in point. In.
 
 Looney
 
 v.
 
 McLean,
 
 129 Mass., 33, 37 Am Rep., 295, it was held:
 

 “Where a portion of a building is let, and the tenant has rights of passageway over staircases and entries in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control, and Avhich he is bound to keep in repair; as to such portion, he still retains the responsibilities of a general owner to all persons, including the tenants of his building.”
 

 A proposition substantially the same as that involved in this case was considered and determined by the Supreme Court of Missouri in the case of
 
 Roman
 
 v.
 
 King,
 
 289 Mo., 641, 233 S. W., 161, 25 A. L. R., 1263, and in that case it was held that, where a landlord demises a portion of a house to which access is had by way of the halls, stairways, and other approaches, to be used in common with the owner or other tenants, it is the duty of the owner to keep such undemised facilities, or to use reasonable care to keep them, in a safe condition for the use of the tenants. But the owner of a tenement consisting of flats for two families is held bound to use reasonable care to maintain, in a safe condition for the use of
 
 *130
 
 both tenants, the steps leading to the porch which affords access to both.
 

 In
 
 McGinley
 
 v.
 
 Alliance Trust Co.,
 
 168 Mo., 257, 66 S. W., 153, 56 L. R. A., 334, the judge delivering the opinion of the court, after setting forth the rule substantially as heretofore stated, suggests that though an attempt has been made in some cases to draw a distinction between tenement and apartment buildings having common hallways, stairways, etc., in which the landlord employs janitors to attend them, and similar buildings where no janitors are employed, such distinction cannot be made upon principle, although as a matter of evidence, it is easier to prove that the landlord has retained control of common passages when he has janitors, but that their absence would not affect the principle, for the fact of the landlord’s control can be established by other evidence, or be reasonably inferred from all the circumstances.
 

 The case of
 
 Widing
 
 v.
 
 Penn. Mutual Life Ins. Co.,
 
 95 Minn., 279, 104 N. W., 239, 111 Am. St. Rep., 471, is quite in point upon the facts, and holds it to be the duty of the owner of a city apartment house, renting the flats therein to tenants for housekeeping purposes, to exercise ordinary care to maintain the rails around the porches in a reasonably safe condition.
 

 In the case of
 
 Hinthorn
 
 v.
 
 Benfer,
 
 90 Kan., 731, 136 P., 247, L. R. A., 1915B, 98, the ¡Supreme Court of Kansas held:
 

 “A
 
 narrow porch or landing of an outside stairway used and intended for the use of different tenants of a building, and connected with a com
 
 *131
 
 mon hallway, is part of the stairway itself, and necessarily in the possession and control of the landlord, and he is bound to exercise reasonable care to render it safe for the use which he invites others to make of it.”
 

 The court also held:
 

 “Whether the landlord in this case was guilty of negligence in failing to discover the defective condition of the landing was a question of fact for the jury, and. it was error to sustain a demurrer to the evidence.”
 

 In another ease, from Minnesota,
 
 Farley
 
 v.
 
 Byers,
 
 106 Minn., 260, 118 N. W., 1023, 130 Am. St.Rep., 613, it was held as follows:
 

 “Where a porch or stairway is used in common by the different occupants of a tenement house or flat building, the landlord will be presumed to have reserved possession thereof for the benefit of all the tenants, and he is under obligation to all parties having occasion to use the premises to exercise ordinary care to keep the same in repair.”
 

 In
 
 Wilcox
 
 v.
 
 Zone,
 
 167 Mass., 302, 45 N. E., 923, it was held that one who went on a roof at the request of a tenant, although going gratuitously, could recover from the landlord for injuries due to the defective condition of the roof, where the tenant himself had a right to use the roof in common with others. These cases so directly in point, together with numerous cases involving liability of a landlord for injuries resulting from a defective elevator, and like cases supporting the text above cited, constitute the clear weight of authority upon the subject. Indeed, in Thompson
 
 *132
 
 on the Law of Negligence, Vol. 1, Section 1138, it is said:
 

 “The weight of authority, and the only conclusion compatible with common sense, is that where different parts of the same building, or of the same grounds, are let to different tenants, and the landlord retains possession of a portion, the proper reparation of which is necessary to the enjoyment by the different tenants of their different holdings, such as a common hallway, a- common stairway, or a common roof, the landlord stands under an obligation to keep such portion in suitable repair.”
 

 Numerous cases are cited by Tiffany on Landlord and Tenant, Vol. 1, p. 628, supporting the proposition stated in the text, as follows:
 

 “It frequently happens that the owner of a building demises separate parts thereof to different tenants, access to which parts is by means of a passage, stairway, or other means of approach, which, while intended for the use of the different tenants, is not in itself included in the demise to any one of them and consequently remains in control of the landlord. In such case the landlord in effect invites the use of such passages or stairway by the tenants, and by other persons whose relations to the tenants involve their use of these approaches in order to obtain access to the rooms or apartments demised, and he is accordingly regarded as liable, both to the tenant and such other persons, for any injury caused by his failure to exercise reasonable care to keep such parts of the building in proper repair.”
 

 Upon principle and authority, we therefore eon-
 
 *133
 
 elude that this case was properly submitted to the jury, and accordingly the judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.