No. 675

KREMPIN v. AMAZON LODGE

No. 19904. Supreme Court

On motion to certify. Dock. June 17, 1926; 4 Abs. 404.

829. NEGLIGENCE—Where a certain property has been leased to a tenant, is the owner of said property liable for injuries sustained as a result of failing to keep the sidewalk in front of said premises in repair?

Edward C. Krempin brought this action originally in the Cuyahoga Common Pleas against the Amazon Lodge No. 567, for damages resulting for injuries sustained by reason of the defective condition of a side-walk in front of premises owned by the Lodge.

It appears that the basement and ground floor of the building was leased to a tenant at the time of the injury. In the side-walk were placed round pieces of glass for the purpose of admitting light to an excavation under the side-walk and some of these so called glasses had broken thereby leaving holes in the sidewalk. Krempin was a cripple and used a crutch to sustain him in walking and while passing over the sidewalk in front of the premises owned by the lodge was injured by reason of his crutch going into one of the holes where the glass was broken.

The judgment of the Common Pleas in favor of Krempin was reversed by the Court of Appeals on the theory that if there was any liability it attached to the lessee of the premises and not the owner.

Krempin in the Supreme Court contends:

1. That as a matter of law the owner of the premises was liable for the injury because a landlord out of possession has a duty to keep in repair all parts of the building which are in common use by the tenants.

2. That the decision of the court of Appeals is contrary to the rule established in 112 OS. 122.

Attorneys—Gordon &Gordon for Krempin; Paul Howland for Lodge; all of Cleveland.

No. 676

ROBERTS v. STATE ex rel MARTIN

No. 19906. Supreme Court

On motion to certify. Dock. June 17, 1926; 4 Abs. 404.

129. BASTARDY—Where an affidavit for arrest for bastardy was filed, said affidavit reciting that the claimant was unmarried and it appearing later at the trial by the claimant's testimony that she was married, should the case be dismissed?

It appears that Eva Martin caused the arrest of one Floyd Roberts by virtue of an affidavit sworn to by Martin which affidavit recited that she was unmarried and that he was the father of twins to which she had given birth.

At the trial Martin testified that she was married and had been married at the time of the inception and that her husband was now living.

The court refused to let one Bolin testify because the witness was in the court room and thereupon it was stipulated that Roberts expected to show by testimony of this witness that Eva Martin had had intercourse with another man. The court overruled an objection made by counsel for Roberts to certain testimony concerning certain acts to impeach his testimony.

In argument before the Court of Appeals, counsel for Martin stated that she had been found to be of the mentality of five or six years of age after examination; and thereupon Roberts moved for a reversal of the judgment of the Juvenile Court of Franklin County on the ground that Martin was incapable of testifying.

Roberts in the Supreme Court contends:

1. That a married woman cannot bring an action for bastardy.

2. That children born to a married woman are presumed to be legitimate and therefore this action should have been dismissed when Martin testified that she was married.

3. That the court erred in excluding the testimony of a witness because he had been in the court room.

4. That the court erred in permitting Martin to introduce witnesses to impeach his character.

5. That the Court of Appeals erred in refusing to render judgment for Roberts upon the statement of counsel for Martin that she had the mentality of a child of 5 or 6 years.

Attorneys—W. E. Bigony for Roberts; D. S. Bachman and J. H. Cooper for Martin; all of Columbus.