Weygandt, C.
 

 J. Of the several questions presented by the briefs in this case, it is necessary to consider and decide but two.
 

 The first of these is whether the nature of the defendant’s liability is similar to that involved in the case of
 
 Davies
 
 v.
 
 Kelley, 112
 
 Ohio St., 122, 146 N. E., 888, upon which the trial court relied. In that case the plaintiff, who resided with his parents on the first floor of an apartment house, was injured by the breaking of a railing that surrounded a porch used by two families on the second floor.
 

 In the instant case the plaintiff lived with her son and his wife on the first floor of a two-family house. There were but two entrances — one in the front and the other in the rear. At each of these entrances was a porch with steps leading to the ground. It is admitted that the front porch and steps were used by the first floor tenants as well as those living on the second. However, the defendant denies that the rear porch and steps were so used. On the other hand, one of the plaintiff’s witnesses by the name of Givens testified that he occupied' part of the premises for a short time after the Rices came, and that he, too, made use of the
 
 *241
 
 rear steps. Mr. Rice stated that it was necessary to use the steps to get to the garage. It is of course true that at the time the plaintiff was injured the second floor was temporarily vacant, hut this fact cannot be regarded as changing the situation.
 

 In the case of
 
 Farley
 
 v.
 
 Byers,
 
 106 Minn., 260, 118 N. W., 1023, 130 Am. St. Rep., 613, it was held as follows :
 

 “Where a porch or stairway is used in common by the different occupants of a tenement house or flat building, the landlord will be presumed to have reserved possession thereof for the benefit of all the tenants, and he is under obligation to all parties having occasion to use the premises to exercise ordinary care to keep the same in repair.”
 

 The foregoing was cited and quoted in the opinion in the case of
 
 Davies
 
 v.
 
 Kelley, supra.
 

 Furthermore, in the instant case the inference of reserved possession is strengthened by the evidence tending to show that the landlord specifically agreed to repair the steps in question. No interrogatories were employed to test the general verdict of the jury. It is therefore the opinion of this court that the decision in the case of
 
 Davies
 
 v. Kelley,
 
 supra,
 
 is applicable here.
 

 The second question relates to the matter of contributory negligence on the part of the plaintiff. It is the contention of the defendant that the record requires such a finding against the plaintiff as a matter of law. With this view this court cannot agree for the reason that a study of the conflicting evidence and the charge of the trial court shows this issue to have been properly submitted to the jury as a question of fact.
 

 Consistent with the foregoing it becomes necessary
 
 *242
 
 to reverse the judgment of the Court of Appeals and to affirm that of the Court of Common Pleas.
 

 Judgment reversed.
 

 Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur. ■
 

 Wilkin, J., not participating.