### MANN v TIMES-PRESS CO

Ohio Appeals, 9th Dist, Summit Co

No 2747.   Decided Dec 18, 1936

Brouse, Englebeck, McDowell, May & Bierce, Akron, for appellee.

Naef & McIntosh, Akron, and Musser, Kimber & Huffman, Akron, for appellant.

**OPINION**

By STEVENS, J.

References will be made to the parties as they appeared below.

In the trial court the plaintiff, a minor, by his father as next friend, instituted an action against the defendant, Times-Press Co., to recover for personal injuries al-leged to have been sustained by him while said minor plaintiff, a newsboy, was upon premises leased and occupied by the defendant, through being struck by a heavy bundle of papers, thrown, by another newsboy, down the stairs leading to defendant's premises. The facts are briefly these:

The defendant is the publisher of a newspaper in the city of Akron, Ohio. As a part of its distribution system, it maintains distribution stations located throughout the city, one of which stations is in a basement of the Carmichael Building, on the easterly side of North Howard Street, entrance to which is by a stairway next to and along the front of the building. Delivery of defendant's papers to said stations was accomplished by means of trucks owned and operated by the defendant company, and said stations were in charge of agents and employees of the defendant company called "station captains," whose duty it was to receive the papers from the truck operator and to distribute them among the carrier boys as the needs of their several routes required. The rules of the defendant corporation, promulgated by said corporation, required the presence of said carrier boys at said distribution stations for the purpose of receiving suggestions, and also to receive the papers to be delivered by them upon their routes.

Upon the day in question a bundle containing 100 papers was, among other bundles, delivered by the truck driver of defendant upon the walk in front of the North Howard Street station. The rules of the defendant company, in effect at that time, required said truck operator to deliver said papers into the distribution station, but the truck operator in question failed to do so. Said rules further provided that said carrier boys were not to touch said papers until they were delivered to said boys by the station captain. Notwithstanding such rules, the jury was justified in finding that the plaintiff, in company with numerous other carrier boys in the basement of said building, was asked by the station captain to assist in getting said bundles of papers into said basement.

In carrying out that request, said bundle of papers was thrown by one of the newsboys down said stairway, and plaintiff was struck thereby and injured. The station captain at said time was in said station, and the conduct of said boys took place in his sight and presence, and probably at his direction.

Trial to a jury in the lower court resulted in a verdict and judgment in favor of

the plaintiff. Appeal upon questions of law is prosecuted to this court in an attempt to secure a reversal of that judgment. Numerous assignments of error are set forth by the defendant, as follows:

1. Failure to sustain defendant's demurrer to the petition, and also to sustain defendant's objection to the introduction of any evidence under the pleadings and opening statement of plaintiff.

2. Failure to direct a verdict for defendant at the conclusion of plaintiff's testimony and at the conclusion of all the testimony.

3. Error in giving plaintiff's special requests to charge.

4. Error in refusal of the court to give defendant's special requests to charge.

5. Error of the court in requiring the jury to answer defendant's interrogatory No. 1 in the negative, instead of submitting it to the jury for its determination.

6. Error in the general charge of the court.

We have carefully examined the amended petition filed by the plaintiff herein, and we find no error in the refusal of the court to sustain defendant's demurrer, or to sustain the objection of defendant to the introduction of any evidence under the pleadings and opening statement of counsel for plaintiff.

It is our opinion that the petition, liberally construed in favor of plaintiff, as required by law, states a good cause of action. We are likewise of the opinion that the trial court did not err in its refusal to direct a verdict for the defendant at the conclusion of plaintiff's testimony or at the conclusion of all the testimony.

A consideration of the entire record convinces the members of this court that the defendant appreciated that, in dealing with infant independent contractors, such as plaintiff was under the terms of his contract, it was incumbent upon said defendant to promulgate certain rules and regulations for the protection of said infants, and that, in an attempt to discharge its full duty in connection therewith, the defendant did promulgate and adopt rules and regulations looking toward the protection of said infants while upon defendant's premises and under its control.

Being a corporation, the defendant could act only through its agents and servants, and the evidence discloses that the captain in charge of the station in question had been instructed by his superiors to see that the infant delivery boys did not throw said

papers down the stairs, or handle them at all, but that, in disregard of his instructions, he not only permitted but probably asked said boys, including the plaintiff, to bring said papers from the street into the basement, although that was a duty imposed by defendant's regulations upon the driver of defendant's delivery truck, or upon said captain.

The finding of the jury that the defendant was guilty of negligence proximately causing plaintiff's injury, by reason of the failure of its agents and servants to enforce the regulations adopted by it for the protection of said infant newsboys, we hold not to be manifestly against the weight of the evidence; and we likewise hold that the finding of the jury that the plaintiff was not guilty of contributory negligence, proximately contributing to his injury, is not manifestly against the weight of the evidence.

With reference to plaintiff's special requests to charge, an examination of the contents of the charges concerning which complaint is made, leads us to the conclusion that said charges state propositions of law properly applicable under the evidence, and that no prejudicial error intervened in the giving of said special requests to charge.

As to defendant's special requests to charge Nos. 5 and 7, which were refused, they were objectionable for the reason that they attempted to apply, as a matter of law, the same rule of conduct in the case of an infant as pertains with reference to an adult. With reference to infant plaintiffs, the well-established rule is that whether or not an infant plaintiff is guilty of contributory negligence is, in most cases, a question of fact for the jury to determine, and not a question for the court to decide as a matter of law.

**Michalsky v Gaertner, 53 Oh St 341, (19 Abs 509).**

The requests made in the instant case sought to have the court state, as a matter of law, that a violation by plaintiff of defendant's rules, constituted contributory negligence upon the part of the infant plaintiff. To that extent, instructions 5 and 7 were erroneous, and they were, therefore, properly refused.

As to instruction No. 6, there was no charge in the petition that defendant was liable by reason of the negligence of a third person; the claimed negligence of the

defendant was its failure to enforce its own rules, or inducing or permitting said rules to be violated by McMillen as well as by plaintiff. The plaintiff, if entitled to recover at all, was entitled to recover by reason of the negligence of the defendant proximately causing his injury, without his own negligence contributing thereto, and even though negligence on the part of another infant independent contractor, McMillen, may have contributed to plaintiff's injuries, still if those injuries were proximately caused by the concurrent negligence of McMillen and the defendant without any negligence on the part of.plaintiff, defendant would still be required to respond in damages for the injury to plaintiff.

We are therefore of the opinion that this request to charge was inaccurate and misleading, and accordingly properly refused.

We are unable to agree with the contention of defendant that there was prejudicial error in the general charge of the court.

Concerning special interrogatory No. 1, propounded by the defendant, we find that the relationship existing between plaintiff and defendant grew entirely out of a written contract which was in itself complete, and that the court properly construed said contract as a matter of law, and properly directed the jury to answer said special interrogatory in the. negative. This case is not in any wise similar to the case of Standard Steel Works Co. v Williams, No. 2634, Summit County, decided by this court on February 4, 1936. The two cases present entirely different questions by reason of the differences in their facts.

A consideration of the entire record herein reveals that no error prejudicial to the rights of the defendant intervened in the trial below, and the judgment of the trial court will therefore be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.