**SAFEWAY STORES, INC., Appellant,**

v.

**Joseph W. DIAL, Appellee.**

**No. 19878.**

United States Court of Appeals
Fifth Circuit.

March 6, 1963.

Timothy E. Kelley, Jerry L. Buch-meyer, George C. Chapman, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellant.

John B. Wilson, Jr., Dallas, Tex., Wilson & Menaker, Dallas, Tex., of counsel, for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

Defendant insists that, under the Erie doctrine,[1] this Court erred in holding that defendant's negligent failure to inspect and keep the floor of its store free from broken glass is sufficient to support the judgment. It contends that the case of F. W. Woolworth Co. v. Goldston, Tex.Civ.App., 1940, 155 S.W.2d 830, writ of error refused for want of merit,[2] "holds directly and specifically to the contrary." In that case there was no evidence that the storekeeper was responsible for the banana peel upon which the plaintiff slipped, while in this case there was evidence that bottles frequently dropped to the floor and that a porter was regularly assigned to inspect the aisles, and further evidence that a package boy may simply have failed properly to clean the floor.

In an annotation on "liability of próprietor of store, office, or similar business premises for injury from fall due to presence of litter or debris on floor," the Annotator states:

" * * * where the floor condition is one which is traceable to the proprietor's own act—that is, a condition created by him or under his authority—or is a condition in connection with which the proprietor is shown to have taken action, no proof of notice is necessary.[9]

"9 No case falling within the scope of this annotation has so much as intimated disagreement with, or possible qualification of, this principle."

61 A.L.R.2d pp. 1, 24.

The defendant fails to draw the distinction between the duty owed to a gratuitous licensee and that owed to a business visitor.

" * * * There is only one particular in which one who holds his land open for the reception of busi-

---

1. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

2. Indicating under the rule then prevailing, that the judgment of the Court of Civil Appeals was correct, but that the Su-preme Court of Texas was "not satisfied that the opinion of the Court of Civil Appeals in all respects has correctly declared the law." Texas & P. Ry. Co. v. Wood, Tex.Civ.App., 1948, 211 S.W.2d 321, 322, 323.

ness visitors is under a greater duty in respect to its physical condition than a possessor who holds his land open to the visits of a gratuitous licensee. The possessor has no financial interest in the entry of a gratuitous licensee; and, therefore, such a licensee is entitled to expect nothing more than an honest disclosure of the dangers which are known to the possessor. On the other hand, the visit of a business visitor is or may be financially beneficial to the possessor. Such a visitor is entitled to expect that the possessor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions. As stated in § 342, a possessor owes to a bare licensee only the duty to exercise reasonable care to disclose to him dangerous defects which are known to him and are likely to be undiscovered by the licensee. Toward the business visitor, the possessor owes the additional duty to exercise reasonable care to make the land safe for the reception of his visitor or, at the least, to ascertain the actual condition of the land so that by warning the visitor thereon, he may give the visitor an opportunity to decide intelligently whether or not to accept the invitation or permission." 2 Restatement of Torts, A. L.I. § 343, Comment a, pp. 939, 940.

Citing, among other authorities, that section of the Restatement, the Supreme Court of Texas has held:

"The law places upon the owner or occupant of land the duty to use reasonable care to make and keep the premises safe for the use of persons invited to use the premises for business purposes, Carlisle v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073; Restatement, Torts, § 343; 38 Am.Jur., Negligence, § 96. * * *

"Where the duty to keep premises in a safe condition is imposed on a person in control of them, this duty may include the duty to inspect the premises to discover dangerous conditions, R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, writ refused; Hinthorn v. Benfer, 90 Kan. 731, 136 P. 247, L.R.A. 1915B, 98; Kiehling v. Humes-Deal Co., Mo.App., 16 S.W.2d 637 * *."

Smith v. Henger, Tex.1950, 148 Tex. 456, 226 S.W.2d 425, 431, 20 A.L.R.2d 853. See also, Roosth & Genecov Production Co. v. White, Tex.1953, 152 Tex. 619, 262 S.W.2d 99, 102; San Antonio Hermann Sons Home Ass'n v. Harvey, Tex.Civ. App., 1953, 256 S.W.2d 906, 914.

The petition for rehearing is Denied.