HILDA WIDING v. PENN MUTUAL LIFE INSURANCE COMPANY.[1]

June 23, 1905.

Nos. 14,323—(125).

**Landlord and Tenant—Apartment House.**

The owner of a city apartment house rented the flats therein to tenants for housekeeping purposes. For several years the children of the occupants had been allowed to play on the porches without reference to the relative occupancy of the adjacent apartments by their parents. Around these porches was a rail balustrade, which had become defective, and had been repaired by the janitor in charge of the building. Two weeks afterwards it again broke, and was repaired by the tenant of the adjacent flat. A child six and a half years of age, the daughter of one of the tenants, while on a visit to the flat having the defective porch, in playing with a companion ran against the same, was precipitated to the ground and injured. *Held* upon the facts:

1. That the injured child was not a trespasser, or in a legal sense a mere licensee.

2. That it was the duty of the owner of the building to exercise ordinary care to maintain the railings around the porches where the children were permitted to play in a reasonably safe condition for use.

3. That whether, under the facts in this case, the defendant was liable for the injuries to the child, was a question for the jury.

Action in the district court for Hennepin county by Hilda Widing as mother of Vendela Widing, an infant, to recover $1,975 for personal injuries. The case was tried before Willard R. Cray, J., who granted a motion to dismiss upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

[1] Reported in 104 N. W. 239.

*Trafford N. Jayne,* for appellant.

If the children were using the porch upon the implied invitation of the defendant, there can be no doubt as to the defendant's liability. 2 Jaggard, Torts, 892, and cases cited.

Even if the child was a bare licensee, nevertheless the defendant is liable under the circumstances shown in this case. Penso v. McCormick, 125 Ind. 116; 2 Jaggard, Torts, § 258; Smith, Neg. 64; Haesley v. Winona & St. Peter R. Co., 46 Minn. 233.

The proper degree of care required of an owner is ordinarily a question for the jury. O'Malley v. St. Paul, M. & M. Ry. Co., 43 Minn. 289; Kinchlow v. Midland, 57 Kan. 374; Clarkin v. Biwabik-Bessemer Co., 65 Minn. 483; Lauritsen v. American Bridge Co., 87 Minn. 518; Emery v. Minneapolis Ind. Exp., 56 Minn. 460; Cleary v. Blake, 14 App. Div. 602.


*Keith, Evans, Thompson & Fairchild,* for respondent.

The defendant did not owe the child any duty to keep the porch in safe condition. Harpel v. Fall, 63 Minn. 520. Even though the evidence showed that the defendant knew that the children in this building were in the habit of playing on the porches and did not interfere to prevent them from so doing, such inaction would not amount to an invitation. Akers v. Chicago, St. P., M. & O. Ry. Co., 58 Minn. 540; McCoy v. Walsh, 186 Mass. 369.

Where a person comes upon the premises of another without invitation but simply as a bare licensee, and the owner of the property passively acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable. Such person takes all the risk upon himself. Ratte v. Dawson, 50 Minn. 450; Akers v. Chicago, St. P., M. & O. Ry. Co., supra; De Blois v. Great Northern Ry. Co., 71 Minn. 45; Stendal v. Boyd, 73 Minn. 53; Dehanitz v. City of St. Paul, 73 Minn. 385; Erickson v. Great Northern Ry. Co., 82 Minn. 60; Schreiner v. Great Northern Ry. Co., 86 Minn. 245.

Even if the child should be regarded as upon the premises by implied invitation, the condition of the rail at the end of the porch was not such as to make the defendant liable. Kayser v. Lindell, 73 Minn. 123.

LOVELY, J.

The plaintiff, the mother of a female infant child (the father having died) brings this action to recover for injuries sustained by the infant. At the close of the plaintiff's testimony defendant moved for a dismissal, which was granted. A new trial was asked, which was denied. From this order plaintiff appeals.

The evidence reasonably tends to support the following facts: The infant was six and a half years of age at the time of the accident. Her mother rented of defendant an apartment, which was one of numerous suites of flats of a large building fronting on Washington avenue, in Minneapolis. There were two stores on the ground floor. Above the stores were sixteen flats. Plaintiff had one apartment of six rooms on the third floor, fronting on Washington avenue. This was a front suite, which had no porch directly connected. In the rear were similar apartments, to which were attached open porches above the first floor, each porch being one hundred fifty feet in length, five feet in width, two in number, one above the other. There were halls adjacent to the different apartments, and easily accessible to the tenants of the building who occupied the same for household purposes. The usual relation between the different apartments existed, and tenants could go from one to the other without passing into the street. While the plaintiff's rooms were not attached to the rear porch, she was allowed privileges thereon for placing wood and other conveniences usual in household purposes. There was in connection with the suites a janitor, who had taken care of the building and apartments for three years previous to the accident. On the second floor below, in the most distant flat from plaintiff's apartments, her child was playing with a neighboring child on the back porch. Around this porch was a balustrade or railing some three feet in height, which would have afforded a reasonable protection to restrain children thereon from falling had it not become defective some two weeks previous, when the janitor repaired it. The night before the accident it again broke, and the tenant who occupied the rooms, without notice to the janitor, nailed it up. The plaintiff's child, while playing with her associate, ran against the balustrade. It broke by reason of its defective condition, and she was precipitated to the ground, receiving injuries for which her mother, the plaintiff, seeks to recover in this action. It may be further stated that the testimony

tended to show that occasionally during a number of years previous to the commencement of the action the children of tenants in the building were in the habit of playing upon the back porches without reference to the occupancy of adjacent apartments by their parents, and also that under the regulations imposed by the owner of these apartments the children were not allowed to use the halls for that purpose.

The theory of the learned trial court in dismissing the action was that plaintiff's child was trespassing upon the porch, or at best a mere licensee; and, conceding that she might have a right to be on the porch where her mother had stored her own articles, she did not have that same privilege on one of the porches of another tenant, but was required to take such premises at her own risk, or as she found them. It is a well-settled principle of law which must be adhered to that trespassers are in duty bound to take the premises upon which they go as they are, and that the owner of the same is not in duty bound to go beyond the obligations which arise from actual or implied duties to provide a reasonably safe place for intruders or licensees.

We have been cited to several cases which are supposed to be relevant to the questions here involved, but the peculiar situation that existed, in our judgment, must control and affect the liability based upon the particular facts before us, and no cited case is directly applicable.

These apartments were occupied by tenants for domestic purposes. The defendant landlord, who rented and received compensation for their use, was in duty bound to contemplate all ordinary and reasonable purposes for which they might be used; and if, within such limitations, it was intended to restrict the occupancy of the porches by the tenants and their children, it was just and reasonable that such restrictions should be definitely made and brought home to such persons. A number of families living in apartments like these would be reasonably expected to have children of tender years, and it would be difficult to prevent them from using the halls, though it might be done, as in this case, by regulation. It was also but reasonable to suppose that they would go upon the porches, and the fact that they had done so for a number of years without objection from the owner while the building was under the control of defendant's janitor in connection with the

natural and ordinary characteristics of children has a tendency to establish an implied invitation to use the porches in this way. Defendant had knowledge not only of the fact of the use of the porches by the children of the building, but that the balustrade which was the direct cause of the injury was out of repair. The janitor in fact repaired it a sufficient length of time before the accident to put him upon inquiry that it was defective. The fact that it again got out of repair very soon would have a tendency, under such circumstances, to show that it was defective, and had not been properly repaired; and in permitting the balustrade to remain in a defective condition must be regarded as little less than a trap or hidden source of danger.

Under the evidence in this case, considering the use that was made of the building by the tenants, the natural relations that arise from such use, the habits of the children, their tendency, which cannot be excluded from our inquiry, it seems very clear that it would be a question of fact for the jury to determine whether the defendant exercised proper care in maintaining the railing in a reasonably safe condition.

We may say with reference to testimony that was offered to show that there were no playgrounds in connection with the building that, while it was not the duty of the defendant to furnish a playground for the children, the natural tendency and inclination of the children, their habits, in connection with the permission it gave to use the porches, would require its surroundings and conditions to be shown, and that for this purpose it was error to exclude this evidence.

The order appealed from is reversed, and new trial granted.