NANCY D. FARLEY v. ABRAHAM N. BYERS.[1]

December 24, 1908.

Nos. 15,819—(150).

**Tenement Porch—Duty of Landlord.**
> Where a porch or stairway is used in common by the different occu-
> pants of a tenement house or flat building, the landlord will be pre-
> sumed to have reserved possession thereof for the benefit of all the
> tenants, and he is under obligation to all parties having occasion to use
> the premises to exercise ordinary care to keep the same in repair.

Action in the district court for Hennepin county to recover $2,000
for personal injuries. The case was tried before Frederick V. Brown,
J., and a jury which returned a verdict of $300 in favor of plaintiff.
From an order denying defendant's motion for judgment notwith-
standing the verdict or for a new trial, he appealed. Affirmed.

*C. J. Bartleson,* for appellant.
The rule in Harpel v. Fall, 63 Minn. 520, has never been departed
from in this state. In Widing v. Penn Mut. Life Ins. Co., 95 Minn. 279,
it was not claimed by counsel on either side, or intimated by the court in
its decision, that the relation of landlord and tenant existed between the
plaintiff or her child and the defendant as to the place where the ac-
cident occurred. Counsel in the case say that no such question was
raised or argued in that case. The facts were that the mother and
her child were tenants of another part of the building where the ac-
cident occurred, which was not adjacent to or in any sense inclusive
of the porch where the accident happened, and the discussion was as
to whether the child was a trespasser or a licensee upon the porch
where the accident happened. It is also to be noted that the owner
of the building was shown to have notice and knowledge of the de-
fective condition of the porch railing and had undertaken (through
his janitor) to repair it, but the work was so insufficiently done that
it still remained dangerous. This statement of facts brings it within
the rule of the Myhre case, 98 Minn. 234, at 238, where the court

[1] Reported in 118 N. W. 1023.

said: "Had the original porch and stairway been permitted to remain unchanged, and had fallen because of gradual decay, then the owner would not be responsible under the doctrine of Krueger v. Ferrant."

In many of the other states the same ruling has been adopted and adhered to. Cole v. McKey, 66 Wis. 500; Jaffe v. Harteau, 56 N. Y. 398; McAlpin v. Powell, 70 N. Y. 126, at 135; Franklin v. Brown, 118 N. Y. 110, at 113; Woods v. Naumkeag, 134 Mass. 357; Bowe v. Hunking, 135 Mass. 380.

*Stevens & Stevens,* for respondent.

The rule laid down by the weight of authority is that where the landlord leases separate portions of the same building to different tenants and reserves under his control those parts of the same building or premises used in common by all the tenants, he is under an implied obligation to use reasonable diligence to keep in a safe condition parts over which he so reserves control. Widing v. Penn Mut. Life Ins. Co., 95 Minn. 279; Looney v. McLean, 129 Mass. 33; Andrews v. Williamson, 193 Mass. 92; Sawyer v. McGillicuddy, 81 Me. 318, 320; Walsh v. Frey, 116 App. Div. 527; Canavan v. Stuyvesant, 7 Misc. 113; Peil v. Reinhart, 127 N. Y. 381, 384; Dollard v. Roberts, 130 N. Y. 269, 272; Burke v. Hulett, 216 Ill. 545; Wilber v. Follansbee, 97 Wis. 577; Burner v. Higman, 127 Iowa, 580; 18 Am. & Eng. Enc. (2d Ed.) 220; 8 Current Law, 676, citing many authorities.

LEWIS, J.

Appellant was the owner of a two-story frame building, the ground floor of which was used for two stores, and the second floor was made into two flats, with a hallway between them, accessible by a front entrance stairway running between the stores. The hall connected with a back porch, which extended across the rear of the building and was ten or twelve feet wide, with a back stairway. This porch was used in common by the occupants of the flats, one of whom was respondent. Under her lease respondent had the privilege of using the hall, porch, and stairways. While she was engaged in some of her household duties on the back porch, a board or boards in the floor broke under her feet, by reason of which she fell and sustained the injury

upon which this action is founded. She recovered a verdict, and upon this appeal error is claimed upon the ground that, upon the conceded facts, there was no liability on the part of the landlord.

If the facts bring the case within the rule of Harpel v. Fall, 63 Minn. 520, 65 N. W. 913, or Krueger v. Ferrant, 29 Minn. 385, 13 N. W. 158, 43 Am. 223, then the landlord was not responsible. The case turns upon whether the landlord had retained possession of that part of the porch where respondent was injured for the use of all the tenants. In Widing v. Penn Mut. Life Ins. Co., 95 Minn. 279, 104 N. W. 239, 11 Am. St. 471, it was held that as to persons going innocently upon a porch serving as a common means of approach to a tenement the landlord is required to exercise ordinary care to keep the same in a reasonably safe condition. In that case the person injured was not an inhabitant of one of the tenements. That portion of the premises reserved by the landlord, for the common use of tenants for the purposes of ingress and egress, remains in his possession, and the duty to keep the same in repair has reference to all parties having occasion to use them. In the absence of a covenant to the contrary, possession by the landlord will be presumed of that portion of rented premises reserved for the common use of all the tenants. In the Widing case the railing had become defective, and an attempt had been made to repair it. In the present case no attempt had been made to repair it, and the board had gradually become decayed; but the distinction is immaterial. If in the exercise of ordinary prudence the landlord would have discovered the decaying of the board, then he was required to remedy the condition.

Harpel v. Fall and Krueger v. Ferrant, supra, are clearly distinguishable, in this: In those cases the landlord did not retain possession of any part of the premises, and consequently, in the absence of covenants to repair, the tenants took the premises in the condition in which they found them. Here that part of the premises in question was never wholly surrendered, and hence the tenant did not assume dominion over it.

2. The court, over appellant's objection, received certain testimony concerning statements or admissions with reference to repairing the porch, made by appellant's agent. Testimony had been given as to another conversation between the agent and respondent, and the trial

court probably assumed that the conversation objected to occurred prior to the accident, but upon discovering the mistake struck out the evidence. That the result was prejudicial does not appear.

Affirmed.