# FANNY WILLIAMS v. ELLA M. DICKSON.[1]

June 6, 1913.

Nos. 17,939—(75).

**Landlord and tenant — duty to tenant's servant.**

1. The legal duty of a landlord, as between himself and his tenant, to use ordinary care to keep in repair stairways which are retained under his control, extends to and includes the servants of the tenant.

**Defect from age — evidence — question for jury.**

2. Evidence *held* sufficient to sustain a finding that a defect in a railing of such a stairway, due largely to decay from age, had existed for such a length of time that the landlord should, in the exercise of ordinary care, have discovered it; and *held*, further, that the question of the defendant's negligence being the proximate cause of the plaintiff's injury, caused by the breaking of the railing, was for the jury.

**Contributory negligence — assumption of risk.**

3. The plaintiff, a servant of the tenant who had been on the premises only once before the day of the accident, *held* not to have assumed the risk and not guilty of contributory negligence as a matter of law.

**Verdict not excessive.**

4. Verdict as reduced by the court *held* not excessive.

Action in the district court for Ramsey county to recover $5,075 for personal injury. The complaint alleged that defendant negligently allowed the railing upon the stairway to become so worn, rotten and defective as to become dangerous to the life and limb of any person having occasion to use the stairway, which defective condition was known to defendant but unknown to plaintiff. The answer denied that defendant had any knowledge of any defect prior to the accident, or that the injury to plaintiff was due to any negli-

[1] Reported in 141 N. W. 849.

Note.—On the question of the liability of the owner for injury to tenant's employees by defect in premises, see notes in 34 L.R.A. 609 and 17 L.R.A.(N.S.) 1161.

As to assumption by tenant's employee of risk of unsafe portions of building remaining in landlord's possession, see note in 3 L.R.A.(N.S.) 1097.

122 M.—4.

gence on defendant's part, and alleged that plaintiff by virtue of her employment as a charwoman of the tenant had full knowledge of any defect and assumed the risk of using the railing in the manner in which she did, and that her injuries resulted from her own negligence. The reply expressly denied that plaintiff had knowledge of the defects in the stairway or railing, that she assumed the risk of using the railing in the manner she did and that her injury resulted from her own negligence.

The case was tried before Brill, J., who at the close of plaintiff's case denied defendant's motion to dismiss the action, and at the close of the testimony defendant's motion to direct a verdict. The jury returned a verdict of $1,000 in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied and her motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $750. The consent was given. From the order denying defendant's motion, she appealed. Affirmed.

*Raymond G. O'Malley*, for appellant.
*W. R. Duxbury*, for respondent.

PHILIP E. BROWN, J.

The trial court denied the defendant's motion for judgment or a new trial after verdict rendered against her in an action brought to recover damages for personal injuries, and she appealed from the order.

The following facts are either established or could have properly been found by the jury. The plaintiff was injured on September 17, 1911. At that time the defendant owned a flat building in St. Paul, divided into four apartments, two being on the first and two on the second floor, and the same were occupied by four families. Two porches were attached to the rear of the building, one on each of the two floors, the same being connected by an open wooden stairway about 36 inches wide, with hand rails, which had no spindles, on each side, and extending parallel with the building. This stairway was used by the tenants of the upper flats. The plaintiff, a laboring woman 56 years old, was in the employ of one of the tenants on the second floor on the day of her injury, and had been engaged in laun-

dering, in the course of which employment she carried baskets of clothing up and down the stairs several times before the accident. In making her last trip up the stairs at about two o'clock in the afternoon, and while carrying a clothes basket in her right hand, such basket collided either with the inside railing or with the wall, and she was pushed over against the railing, and, while attempting to "catch herself," placed her hand thereon and it gave way, precipitating her to the stone sidewalk some eight feet below. The porches were constructed some 15 years ago, and have not since been reconstructed, and the railing was a "2 by 4" planed down.

Some three weeks before the accident, the defendant's tenant by whom, on the day stated, the plaintiff was employed, in descending the stairs, leaned on the railing and it gave way. Shortly thereafter he attempted to repair it, and ascertained that the end of the rail was rotten, so that it would not hold nails, and the wood could be picked with the finger-nail. He replaced it by driving nails through the lower end into the newel post, but such repair amounted to little more than the resting of the rail upon the top of the nails. The defendant's agent visited the premises monthly, and had occasionally seen the back porches, but had never observed any defect in the railing. On one of such occasions, and prior to the accident, he was informed that the porch was in bad condition, whereupon the defendant's carpenter made some repairs thereon. Considerable repairs have been made since the accident, including a new railing. However, the defendant had no actual notice of the dislodgement of the railing by the tenant.

1. The rule in this state, as between landlord and tenant, in the absence of contract, is: That a duty is imposed on the landlord or owner, who retains the control of stairways, to use ordinary care to see to it that they are kept in repair. Farley v. Byers, 106 Minn. 260, 118 N. W. 1023, 130 Am. St. 613. In Widing v. Pennsylvania Mut. Life Ins. Co. 95 Minn. 279, 104 N. W. 239, 111 Am. St. 471, this doctrine was applied where the child of a tenant was injured under circumstances more favorable to the owner of the building than here disclosed, and the owner's liability for his negligence was held to be a question of fact for the jury to determine. In the application

of the rule, while the landlord is not considered as standing in the relation of a guarantor of the safety of the portions of the premises over which he retains control, it is not required, to establish his negligence, that he shall have had actual notice of defects. This is done when facts are shown from which it may fairly be deduced that, by the exercise of ordinary care, he should have known of their existence. In considering the question of the exercise of care, the natural tendency of wood to decay must be taken into account, and the following observations made in an action to recover for injuries sustained by a defect in a wood sidewalk are pertinent:

"The 'care, supervision and control' of a sidewalk," said the court in Furnell v. City of St. Paul, 20 Minn. 101, 107, (117) "being imposed upon defendant, no argument is needed to establish the proposition that such care and supervision require notice to be taken of the certain tendency of wood sidewalks to decay. This tendency is the result of natural causes, whose operation is so constant, familiar, and common as to be known to everybody. To call that care and supervision which did not take into account this tendency to decay, would be a contradiction in terms. Such care and supervision would be a positive neglect of legal duty."

See also Hall v. City of Austin, 73 Minn. 134, 137, 75 N. W. 1121; Murphy v. City of St. Paul, 101 Minn. 341, 342, 112 N. W. 259. We find no reason to except the servants of the tenant from the protection conferred by such rule. The reasoning in Widing v. Pennsylvania Mut. Life Ins. Co. supra, is persuasive on this question, and while an injury to a tenant was involved in the Farley case, the syllabus clearly indicates the inclusion of servants. It is but a step, in the right direction we think, to so hold.

On the trial the defendant's husband, who acted as her agent in respect to the building and to whom we have referred, frankly admitted that he gave slight attention to the condition of the porch and stairway, being content to make such repairs as the tenants notified him were needed.

We hold the evidence sufficient to uphold a finding that the defect in the railing had existed for such length of time that it should have been discovered and repaired by the defendant had ordinary care

been exercised, and, further, that the question of the defendant's negligence being the proximate cause of the injury was for the jury.

2. The defendant insists that we should hold, as a matter of law, that the plaintiff assumed the risk and was herself guilty of negligence. It appeared without contradiction, that the only time the plaintiff was upon the premises previous to her injury, was some seven weeks before it occurred. She testified that she knew nothing concerning the condition of the railing. It would be too harsh an application of the doctrine invoked to hold that the plaintiff, engrossed in her work, was obliged to make either an examination or an inspection of the railing, before using the stair.

3. The verdict rendered was for $1,000, which the court reduced to $750. The defendant urges that the verdict shows passion and prejudice, and that even as reduced it is grossly excessive. The plaintiff, when injured, was earning $35 per month. Her physician's bill was $50. She suffered three fractured ribs, and considerable pain which, she testified, existed up to the time of the trial, and she was incapacitated from laboring for more than seven months. The testimony concerning all of the matters connected with the extent of her injury, pain, and loss, is practically undisputed. We decline to disturb the verdict.

Order affirmed.