## IDA ROSE v. MOOERS BROTHERS INCORPORATED.[1]

December 5, 1924.

No. 24,230.

**Repair of rear porch by landlord.**

1. Where a rear porch to the second floor is used in common by the different occupants of the residential rooms on such floor, the landlord is under obligation to the parties having occasion to use the same to exercise ordinary care to keep the same in repair.

**Verdict sustained by evidence.**

2. The acts of negligence, upon which plaintiff's right to recover is predicated, as set forth in her complaint, are supported by the evidence which sustains the verdict herein.

**Contributory negligence.**

3. The question of plaintiff's contributory negligence was properly submitted to the jury and its findings thereon were justified by the evidence.

[1]Reported in 201 N. W. 303.

Action in the district court for Hennepin county to recover
$10,000. The case was tried before Guilford, J., and a jury which
returned a verdict for $1,350. Defendant's motion for judgment
notwithstanding the verdict was denied. From the judgment, plain-
tiff appealed. Affirmed.

*Joss, Ohman, Fryberger & Parker*, for appellant.
*Jesse Van Valkenburg*, for respondent.

QUINN, J.

The defendant was the owner of the premises known as 1515 and
1517 Washington avenue north, in the city of Minneapolis. There
was situate thereon a two-story building, facing to the north on
Washington avenue. Defendant operated a creamery on the ground
floor. The second floor was divided into four apartments which
were occupied by tenants as living rooms. There was a porch, ex-
tending entirely across the rear or south end of the building, ap-
proximately 6 feet wide, except for a space of about 12 feet in the
center which was about 9 feet in width. From the portion of the
porch which was 9 feet wide, a stairway extended to the ground, a
distance of 13 feet. There was a bannister on the sides of these
stairs, also a railing 3 feet above the porch floor, extending the
entire distance around the porch, connecting with the bannisters.
At the southwest corner of the porch was a 6x6 inch post, extending
from the ground up to the roof of the porch. There was also a
piece of timber 2x4 inches, extending from the floor of the porch
to the railing at the southwest corner of the building. The part of
the railing, herein in question, extended from the 2x4, referred to,
6 feet to the 6x6 post. This railing consisted of a piece of 2x4, six
feet long, beveled corners and fastened at the ends three feet above
the porch floor.

The plaintiff occupied the apartment at the southwest corner of
the second floor, as living rooms, under a verbal lease from month
to month, paying therefor a monthly rental of $8.50. She testified
that, when she leased the apartment, it was agreed that defendant
should keep the outside of the premises in good repair and that she
should keep the interior of her apartment in repair. It was plain-

tiff's habit to use and occupy that portion of the porch immediately adjacent to her apartment to a considerable extent. Plaintiff was quite a heavy person, weighing about 240 pounds. On May 13, 1922, while engaged in her work about the premises, she went out to scrub and clean the floor at the west end of the porch near her apartment. In so doing she used soap, water and a mop having a handle. When she had nearly done with scrubbing the floor, she turned her back to the west, standing near the west railing. All at once she fell backwards and down to the ground, a distance of thirteen feet, sustaining the injuries complained of.

This action was brought against the defendant, to recover damages on account of such injuries, upon the ground that the defendant was guilty of actionable negligence in allowing the railing on the porch to become out of repair and in a dangerous condition. There was a trial and a verdict for $1,350 in favor of the plaintiff, upon which judgment was entered. This appeal is from the judgment.

The acts of negligenec upon which plaintiff's right to recover is predicated, as set forth in the complaint, are, first, that the defendant carelessly and negligently caused the railing to be nailed on to the outside of the 6x6 post at the southwest corner of the porch; second, that the same was so insecurely and carelessly nailed to the posts and the posts had become so rotted that the nails pulled out, thereby allowing the railing to give way and cause the plaintiff to fall and become injured, while it is contended, on behalf of the defendant, that there is no testimony in the record showing that the defendant was guilty of any negligence which contributed to the plaintiff's fall.

There was no eye witness, other than the plaintiff, to the accident. As to how it happened, she testified:

"The best I know was I just got the porch nicely cleaned over to where the box was. I pushed the box out and got it cleaned nicely and pushed the box back. I went at the front part of the porch, you know, in front of the box, and I got that cleaned, and I thought: 'I will turn myself around and I will clean in this other small place.' I got that clean and I stood in that same posi-

tion and that is about the last I remember. I must have backed up too far to the rail, because the next time I came to my senses I was on the ground."

Other testimony was to the effect that the 6x6 inch post, at the point where the railing was toe-nailed to it, was considerably rotted and in bad condition; that the nails had become rusty; that the porch had been there for many years and was so out of repair that it had pulled away from the building to the extent of an inch or more; that there was a space between the railing in question, and the 6x6 inch post of about half an inch into which water could run; that the railing came loose from that post, went to the ground with the plaintiff, and when she was found she lay on her back on top of the railing which was broken in two where the grain was somewhat crosswise. There was other testimony as to the decayed condition of the porch in other places.

The purpose of a railing around such a porch is perfectly manifest. It is put there for the purpose of lending aid to persons using such porch and protecting them from injury or accident by falling therefrom. A railing, insufficient for such purpose, whether so by reason of the manner in which it was constructed or made so through time and decay, is insufficient for the purpose for which it was intended and we are of the opinion, in these respects, that the evidence clearly made a question for the jury and that the trial court submitted the issues, including the question of contributory negligence, raised by the pleadings and proofs, in a careful and correct manner to the jury, and we see no reason for disturbing its findings and the judgment entered thereon.

Aside from any specific agreement between the defendant and plaintiff to keep the porch in repair, it was defendant's duty so to do. Farley v. Byers, 106 Minn. 260, 118 N. W. 1023, 130 Am. St. 613; Ames v. Brandvold, 119 Minn. 521, 138 N. W. 786.

Affirmed.