KATHERINE D. JEWELL v. BLANCHETT INVESTMENT
COMPANY AND ANOTHER.[1]

February 19, 1937.

No. 31,136.

Samuel A. Anderson and Russell M. Carlson, for appellant.

Bradford, Cummins & Cummins and Oppenheimer, Dickson, Hodgson, Brown & Donnelly, for respondents.

LORING, JUSTICE.

In an action for personal injuries sustained by plaintiff when she fell upon the steps of a hotel owned and operated by the defendants, the court directed a verdict for the defendants at the close of plaintiff's case. This appeal is taken from an order denying plaintiff's motion for a new trial.

The Angus Hotel is located at the southwest corner of the intersection of Western and Selby avenues in St. Paul. The hotel has two regular means of egress and ingress, one on the Western avenue side of the hotel and one on the Selby avenue side. April 26, 1934, at about 8:30 in the evening, plaintiff, a guest at the hotel,

[1]Reported in 271 N. W. 461.

and a friend were leaving the hotel premises and chose the Selby avenue exit. They passed down the lighted corridor leading to the exit, went through a vestibule, and reached a platform from which .four steps descended to the sidewalk. An electric light fixture above the steps was not burning. Plaintiff stepped down to the first step, which she could see dimly. Being unable to see further, she reached for a handrail; finding none, she began to feel her way forward, located the edge of the first step, and stepped down upon the second step. She could not see the edge of the second step, which was about two inches wider than the one immediately above. Failing to locate the edge of the second step, she assumed that she had reached the sidewalk, took a step and fell, suffering the injuries here complained of.

The trial court directed a verdict on the authority of the rule laid down in the case of Johnston v. Tourangeau, 193 Minn. 635, 259 N. W. 187, on the ground that the plaintiff here had assumed the risk and was guilty of contributory negligence as a matter of law.

The Selby avenue entrance was a regular means of ingress and egress to the hotel. Plaintiff had previously used it. On this occasion her destination was a theater across the street from and a short distance west of the entrance. It was the hotel exit closest to the theater.

We think the Tourangeau case, 193 Minn. 635, 639, 259 N. W. 187, 189, not here applicable. In that case there was no violation of a statutory duty. The regular entrance to the building there was at the front and was well lighted. Plaintiff there chose the back stairs to go out of the building, "a route of darkness rather than one of light" and one which was not a regular means of ingress and egress for that plaintiff. There was no statute there involved requiring the landlord to provide the back entrance with light. Here, according to plaintiff's witnesses, there was a violation of 1 Mason Minn. St. 1927, § 5907, a statute enacted for plaintiff's benefit. Here, too, the steps were a regular means of ingress and egress. As in Gustafson v. Arthur L. Roberts Hotel Co. 194 Minn. 575, 577, 261 N. W. 447, 449, "the pitfall was concealed by darkness," the "statute was

not complied with, and there was no guard whatever against the danger."

Violation of § 5907, if the proximate cause of the injury, established liability in the absence of contributory negligence or what is sometimes called assumption of the risk. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Benson v. Larson, 133 Minn. 346, 158 N. W. 426; Suess v. Arrowhead S. P. Co. 180 Minn. 21, 230 N. W. 125. On the present record, the question of plaintiff's contributory negligence and the so-called assumption of risk were properly for a jury. The hall leading to the steps, being lighted, was in the nature of an invitation to use the exit. Plaintiff had used this exit but three or four times during her short stay in the hotel. Naturally she did not recall the exact number of steps leading down to the sidewalk. Any person of ordinary prudence, it seems to us, might, in the eyes of a jury, have done just as she did. The difference in the width of the steps no doubt played its part in deceiving her into the belief that she had reached the sidewalk.

The order is reversed and a new trial granted.