HAZELL GREEN (NOW LINDGREN) v. ELGIN HOTEL COMPANY AND OTHERS.

ERMA B. KELLY AND RIMNIK CORPORATION, APPELLANTS.[1]

January 17, 1941.

Nos. 32,395, 32,488.

[1]Reported in 295 N. W. 905.

*Hoke, Cobb & Janes,* for appellant Rimnik Corporation.
*Russell Smith,* for appellant Erma B. Kelly.
*Arthur H. Anderson* and *Thomson & Williams,* for respondent.

STONE, JUSTICE.

Defendants Erma B. Kelly and Rimnik Corporation appeal separately from orders denying their respective alternative motions for judgments notwithstanding or a new trial. As to the other defendants, the action was discontinued or dismissed at or before the trial.

January 10, 1937, plaintiff was a guest of the Elgin Hotel on Hennepin avenue in downtown Minneapolis. Returning to her room early that morning, she slipped and fell on a rubber foot mat in the hotel entrance and sustained the injuries for which she obtained a verdict against the lessee and operator of the hotel, appellant Erma B. Kelly, and the lessor, the Rimnik Corporation. We consider first the separate appeal of Erma B. Kelly.

The outer doors to the entrance are recessed from the building line about three feet. The rubber mat was about eight feet long, extending from the entrance lobby about three feet onto the side-

walk. Plaintiff's claim is that her injuries resulted from defendants' negligence in allowing snow and ice to accumulate and remain on this mat, creating a slippery and dangerous condition. The testimony for plaintiff indicates that the end of the mat exposed to the weather, "the bottom half," was "lumpy" and icy; that the plaintiff slipped on a large chunk of ice on the mat a few inches inside the building line; that the lump was two and one-half to three inches high, eight to nine inches in diameter, and "kind of oval like the top half of an egg."

In support of plaintiff's version of the facts there is plenty of evidence. Her testimony is corroborated by that of eyewitnesses. The only question, then, is whether the evidence viewed as favorably as reasonably may be from the standpoint of plaintiff is sufficient to sustain the verdict. We hold that it is.

Counsel have ignored the statute declaring that "every hotel * * * shall be properly plumbed, lighted and ventilated, and shall be conducted in every department with strict regard to health, comfort and safety of the guest." 1 Mason Minn. St. 1927, § 5907, applied in Gustafson v. Arthur L. Roberts Hotel Co. 194 Minn. 575, 576, 261 N. W. 447. They erroneously assume that the case, on its law, must go to decision upon precisely the same criteria of negligence as those which would be determinative were the suit against a municipality for injuries arising from a dangerous condition of its walks. See Kelleher v. City of West St. Paul, 193 Minn. 487, 258 N. W. 834. The action being by a guest against an innkeeper, we hold that under any view of the case the verdict for the plaintiff is sustained by the evidence and so must stand.

If the evidence for plaintiff as to the glacier-like condition of the lobby and the mat is believed, as it was by the jury, the case for plaintiff is at least as strong, if not stronger, than that in Jewell v. Blanchett Inv. Co. 199 Minn. 267, 271 N. W. 461, where we held that the issue of liability was for the jury. That applies also to the issue of contributory negligence, which was properly left with the jury.

■ We proceed now to the appeal of Rimnik Corporation, owner and lessor of the premises. Erma B. Kelly was lessee and, at the time of the accident, in exclusive control of the hotel.

For plaintiff, the argument that the Rimnik Corporation is liable is put upon the erroneous assertion that "the entrance way [in which the rubber mat was used] was a common passageway for which the lessor was responsible." Adjoining the hotel lobby and to one side was a restaurant, on other premises of the Rimnik Corporation, which it had leased to a third party. There was no connection, physical or otherwise, between restaurant and hotel, except a doorway between the hotel lobby and restaurant. Doubtless, it was a benefit to the business of both. The restaurant had its own separate entrance from Hennepin avenue. So far as the record discloses, the door between hotel lobby and cafe could have been lawfully closed and kept so by either hotelkeeper or restaurateur. In consequence and on the facts, there can be no claim that the entrance lobby of the hotel was "reserved" by the Rimnik Corporation, as lessor, from its lease of the hotel premises for the common use of the two tenants. It did not remain in the lessor's possession or control. There is nothing to indicate that the lessor was under any duty of inspection or repair. So, under the rule of Farley v. Byers, 106 Minn. 260, 118 N. W. 1023, 130 A. S. R. 613, the Rimnik Corporation, as matter of law, is not liable. See also, Annotations, "Liability of landlord for personal injuries due to defective halls, stairways, and the like, for use of different tenants," 25 A. L. R. 1273; 39 A. L. R. 294; 58 A. L. R. 1411; 75 A. L. R. 154; 97 A. L. R. 220.

On the appeal of Erma B. Kelly the order under review must be affirmed. On the appeal of Rimnik Corporation the order is reversed with directions to enter judgment for that corporation and against plaintiff notwithstanding the verdict.

So ordered.