### KLINE, Plaintiff-Appellant, v. RIDER Et Al., Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20428. Decided Feb. 24, 1947.

Harrison, Thomas, Spangenberg & Hull, Cleveland, for plaintiff appellant.

J. R. Kistner, Cleveland, for defendants appellees.

## OPINION

By SKEEL, J.

The plaintiff brings this appeal on questions of law from a judgment entered for the defendant in the Common Pleas Court.

The plaintiff was a tenant of the defendants, occupying one-half of a duplex house located at 2587 Colchester Road, Cleveland Heights, Ohio. The other half of the house was rented to other tenants. Each tenant had his own front and rear entrance on the first floor level and across the rear of the house on the second floor level was an uncovered porch. The only means of getting on to this porch was from two door-

ways, one of which lead from each of the rear bed rooms of each of the suites. There was a railing all the way around the outside edge of the porch but there was no dividing rail between that part of the porch which was behind the suite of each tenant.

On September 13, 1944, plaintiff stepped out on that part of the porch which was behind the rear bedroom of her suite, to shake out a bath rug, and while leaning against the rail it gave way, causing her to fall to the ground and she was thereby injured. The plaintiff claims that the defendants negligently maintained said railing in a dangerous condition and bad state of repair, which negligence was the proximate cause of her fall and resulting injuries.

At the conclusion of plaintiff's case a motion was made by defendants for a directed verdict on the ground that defendants were out of possession and control of the property and therefore did not owe any duty to plaintiff with regard to keeping the porch in a reasonably safe condition. The court granted the motion and entered judgment for the defendant.

It is the claim of the plaintiff that the porch from which she fell remained in the possession of defendants and was intended for the use of both tenants and their invitees and therefore defendants landlords owed the duty of ordinary care in keeping the porch and railing in a reasonably safe condition and that the breach of that duty was the proximate cause of the plaintiff's injuries.

In considering the evidence to determine whether there is any support whatever for plaintiff's contention, we must resolve every doubt in plaintiff's favor. The question to be decided, stated in its simplest form, is—where a landlord owns a duplex house with an open porch extending across the full width of the rear thereof at the second floor level, which porch is accessible only through two doorways, one from the rear bedroom of each suite, do the tenants of each suite have the right to the joint use of the entire porch with each other, where there was no evidence that anything was said about the porch when either of the suites was rented, and under such circumstances could it be said that the landlord retained possession of such porch for the joint use and benefit of both tenants?

It is freely admitted that if there had been a dividing rail in the middle of the porch between the respective suites, there would be no question but that each tenant would be put in exclusive possession of the part of the porch behind his suite as completely as any other room of the demised premises. Is the absence of such dividing rail, evidence of the lardlords intention to retain such possession? We think not. Our conclu-

sion on that subject is supported by both the plaintiff and her witnesses, Mr. and Mrs. Bowler. On cross-examination Mrs. Bowler in telling of examining the railing when asked what part of the railing she examined, said "just our side." Mr. Bowler when on cross-examination in telling about putting a "glider" belonging to his father and mother on the back porch, testified as follows:

"Q. So that one side of the glider would extend on to the other side of the porch?
A. Yes sir."

The plaintiff in telling of her use of the porch to air clothes, said:

"All suits I would put on Mrs. Bowler's because they had their awning projection or I think it was for their awning, and I would put suits on there like a hanger:"

There is no other conclusion that could be reached from the undisputed evidence in this case except that each tenant was granted the exclusive right to the use of that part of the porch behind his suite by the contract of tenancy.

Whatever use either tenant made of that part of the porch behind the other tenant's suite was by the mutual consent of the tenants and not because of any right granted in his contract with the defendant, creating the tenancy.

In the case of **Davies v Kelley, 112 Oh St 222,** the court at **page 228** of the opinion, in distinguishing between parts of the premises which of necessity must be jointly used by tenants and remains in the control of the landlord and those which are not thus necessary for the joint use of the tenants, said:

"True, a mere amicable joint user, not required by the character of the premises or authorized by the landlord, would not bind him; but here a joint user was clearly contemplated by the character of construction, its design for joint user by the several tenants and its maintenance therefor in addition to the necessarily known manner of occupancy and use of that portion of the premises."

The portion of the premises under discussion in the above case was a porch which was reached by a stairway the use of which was necessary to the enjoyment of all of the tenants on the second floor of the apartment building.

It is suggested by the plaintiff that the fact that the plaintiff introduced testimony that the defendants' agent caused

certain repairs to be made to the floor of the porch about a year before the plaintiff's fall, is some evidence that he retained possession and control of the porch. There is not one word of testimony in the record that the defendant owed the duty to make repairs or that the plaintiff ever requested repairs to the railing or any other part of the premises. The obligation to repair, however, without more in no way supports the claim that the right of possession has not been completely surrendered to the tenants.

In the case of **Ripple v Mahoning National Bank, 143 Oh St 614**, the plaintiff was an employee of a tenant of defendant and as such used one of the private offices rented from defendant. While at his desk he was injured by the fall of a section of plaster from the ceiling. It was claimed by plaintiff that the plaster had been defectively and improperly installed which fact defendant knew or by the exercise of due diligence should have known. It was further claimed that the defendant by its lease with plaintiff's employer maintained possession and control of said suite of offices for the purpose of making repairs and for cleaning and doing the necessary janitor work. The defendant demurred to the petition which demurrer was sustained by the trial court and final judgment entered for the defendant.

The supreme court on page 616 of the opinion states the question presented as follows:

"The demurrer presents but a single question of law: Where the owner of a building retains control over a suite of offices therein, leased to a tenant, 'for the purpose of repairing the same and the doing of daily janitor work' is such owner liable to an employee of his tenant, who is injured as a result of falling plaster which has been 'defectively placed and installed on the base of the said ceiling?'

"The plaintiff argues that this case differs from the ordinary landlord and tenant case in that here the landlord of a large office building has retained control over the various suites and private offices located therein, for the purpose of making repairs and the daily cleaning of these suites and offices."

The syllabus provides:

"The reservation in a lease of a suit of rooms for use as a private office, whereby control thereof is retained only 'for the purpose of repairing the same and the doing of daily janitor work' does not render the lessor liable for injuries sustained by

an employee of the lessee caused by falling plaster, in the absence of authority of the lessor to exercise control over such premises to the exclusion of any control by the lessee." (**Burdick v Cheadle, 26 Oh St 393; Marqua v Martin, 109 Oh St 56; and Berkowitz v Winston, 128 Oh St 611**, approved and followed.)

Judge Hart in a concurring opinion, on pages 621 and 622 says in part:

"It has long been the rule that the landlord is responsible for the safe condition of stairways and areaways used in common by all the tenants of a tenement building, on the theory that the landlord and not the tenant is in possession and control of these areas. **Davies a minor, v Kelley, 112 Oh St 122,** 146 N. E. 888; Wilson v Woodruff, 65 Utah 118, 235 P. 368, 43 A. L. R. 1269. But an examination of the authorities indicates that, according to almost universal judicial opinion, this responsibility does not extend to areas within the private offices of the landlord's tenants."

\* \* \* \* \* \*

"The basis of the responsibility of the tenant for the condition of the premises is that the contract of letting makes him the real owner and possessor of the premises for the term of the tenancy and makes him, rather than the landlord out of possession, responsible for their condition."

"The general rule is that, in the absence of warranty on the part of the landlord that the premises are fit for the purpose for which they are let, and in the absence of concealment or fraud by the landlord as to some defect, structural or otherwise, in the premises, the tenant takes them in whatever condition they may be, thus assuming all risk of personal injury from defects therein, and neither he nor his invitees can hold the landlord liable for personal injuries resulting from such defects."

In support of the foregoing rule Judge Hart cites many authorities.

It is clear from these authorities that the cases cited by the plaintiff such as Davies v Kelley, supra, involve stairways, hallways and areaways used in common by all tenants of a building and liability is imposed on the theory that the landlord retains possession and control.

For the foregoing reasons, the judgment of the Common Pleas Court is affirmed.

MORGAN, J, concurs.

HURD, PJ, dissents.

Dissenting Opinion.

HURD, PJ.  (Dissenting)

The issues in this case were made by the petition, the separate answers of the defendants and the reply. It was averred in substance that the defendants owned, operated and controlled a side by side residence, one suite of which was occupied by the plaintiff and her family; that extending the width of the residence was a second-floor back porch which was enclosed by a wooden spindle railing several feet in height; that it was a common porch accessible to and jointly used by the occupants of both suites; that the plaintiff was injured by a fall from the porch, due to the negligence of the defendants in failing to keep the railing thereof in a state of repair. The defendants, by separate answers, admit ownership of the building in question but deny their control thereof; deny any negligence on their part and raise the issue of contributory negligence.

The trial court granted a motion of the defendants made at the close of plaintiff's case, withdrawing the evidence from the jury and directed a verdict in favor of the defendants. The principal ground of error assigned is that the court erred in so doing.

An examination of the record shows that the plaintiff produced testimony showing or tending to show substantially the following facts:

On Sept. 18, 1943, plaintiff and her family occupied as tenants an up and down suite at 2587 Colchester Road in Cleveland Heights, Ohio, which was half of a side-by-side residence owned by defendants; the other half being occupied by another tenant, William Bowler and family. On this particular date the plaintiff went out upon the rear upstairs porch for the purpose of shaking out a bath mat on which some cleaning material had been spilled and as she did so the railing of the porch gave way and she was precipitated to a cement pavement below with such force that her back was broken in two places and she sustained a fractured skull. It was later found that the railing around the porch was in such a defective condition and so weakened by rotting that it was in an unsafe condition, there being no evidence showing that such condition was known to the plaintiff before the accident.

The porch in question extends across the rear of the

building in back of the two suites. There is no railing or any other physical evidence of a division of the porch between the two suites.

The means of approach to the porch by both families is through bedroom doors leading from the rear of their respective suites. This porch was used in common by both tenants and their families.

The defendants had received actual notice of the need of repairs to the railing of the porch, given quite some time before the accident by the tenant of the adjoining suite, who told one of the defendants that the railing was defective and in need of repair. The defendants neglected to repair the porch railing, but made other repairs to the porch before the accident through the services of a repair man sent by them for that particular purpose. Plaintiff's tenancy was under an oral lease on a month to month basis.

It would seem that the foregoing set of facts is susceptible of two reasonable inferences: (1) the absence of any rail or any physical division of the porch between the apartments of the occupying tenants and the fact that it was by them used in common according to the evidence, would tend to indicate that it was designed and built to be used in common by the tenants of the adjoining suites and, (2), that the defendants by making some repairs to the porch had exercised some degree of control.

Inasmuch as the motion was granted at the close of plaintiff's case, the evidence of plaintiff stands uncontradicted. Therefore, the rule of law stated in the comparatively recent case of **Keesecker v McKelvey Co. 141 Oh St 162**, is applicable, as stated at **page 167** as follows:

"The rule is well established in this state that when the uncontradicted evidence discloses circumstances from which different minds may reasonably draw different conclusions, one favorable and the other unfavorable, to the claim of a party, the evidence should be submitted to the jury under pertinent instructions. **39 O. Jur. 807, Sec. 186; Nelson Business College Co. v Lloyd, 60 Oh St 448, 54 N. E. 471, 46 L. R. A. 314, 71 Am. St. Rep. 729, 6 Am Neg. Rep. 369; Hickman v Ohio State Life Ins Co. 92 Oh St 87, 110 N. E. 542; Vignola v New York Central R. R., 102 Oh St 194, 131 N. E. 357; Pence v Kettering, 128 Oh St 52, 190 N. E. 216.**"

The subject of landlord and tenant relations has received considerable attention from the courts of Ohio. Prior to the decision of our Supreme Court in the case of **Davies v Kelley**,

**112 Oh St 122**, the cases dealt only with instances where the tenant had full and exclusive possession and control over the property as set forth in the cases of **Burdick v Cheadel, 26 Oh St 393; Shindelbeck v Moon, 32 Oh St 264** and the case of **Stackhouse v Close, 83 Oh St 339** in which latter case there was an express reservation by the landlord to assume the responsibility of repairs. The first case in Ohio dealing with premises used jointly by several tenants was Davies v Kelley, supra, wherein a judgment for the plaintiff rendered by the Common Pleas Court was sustained and the Court of Appeals reversed.

There is a certain analogy between the facts in that case and the evidence as presented by the plaintiff in this case, as may be noted from the opinion of Matthias, J., at page 125:

"From the undisputed facts in the record it appears that the several apartments of a 20-suite apartment building owned by Mrs. Kelley were rented by her to various tenants without written lease, and upon an agreed rental, payable monthly; that although there was no express reservation by the landlord of control over, or responsibility for, any portion of such premises, or of the stairs or porches appurtenant thereto, it is clear that the porch and stairway in question provided a rear exit for and was used in common by the two tenants occupying adjoining second floor apartments; and that neither of the tenants occupying the two apartments for which such porch and stairway furnished the means of rear ingress and egress, had or exercised control thereover, but that during their tenancy the owner, through her janitor, who had charge of such building, did care for such stairway and porch."

And at page 127 the following:

"The rule particularly applicable to a situation such as here presented is stated in 16 Ruling Case Law, p. 1072 as follows: 'So where premises are let to several tenants each occupying different portions, but all enjoying or using certain portions in common, such as the entrances, halls, stairways etc., of the tenements or apartment houses, the landlord is **held to be in control and owes not only to his tenants, but to those lawfully on the premises as the servants, guests and customers of the tenants, the duty to exercise reasonable care and diligence to keep such parts in safe condition and for failure to do this he is liable to such servants, guests etc.,** injured in consequence of his negligence, and without fault on their part."

And at page 128, the following

"In a situation such as the facts here disclose it is quite apparent that neither of the tenants could have exclusive control or exclusive use and occupancy of the stairway and porch which served as means of rear entrance and exit for both apartments, and therefore that neither would have any responsibility to keep that portion of the premises, so necessarily jointly used, in repair and in proper condition for the use of the other. The occupants of these two apartments were several and not joint tenants of the owner."

The court then reviews many cases from other jurisdictions including Weiding, v Penn. Mutual Life Lns Co. 95 Minn. 279, where it was held to be the duty of the owner of a city apartment house renting flats therein to several tenants for housekeeping purposes, to exercise ordinary care to maintain the railing around the porches in a reasonably safe condition. This case was held in point on the facts. In the case of Farley v Byers, 106 Minn. 260, it was held that where a porch or stairway is used in common by the different occupants of a tenement house or a flat building, the landlord will be presumed to have reserved possession thereof for the possession of all the tenants and is under obligation to all parties having occasion to use the premises to exercise ordinary care to keep the same in repair, the court saying:

"In the absence of a covenant to the contrary, possession by the landlord will be presumed of that portion of the rented premises reserved for the common use of all the tenants."

In the case of **Prendergast v Ginsburg, 119 Oh St 363,** the supreme court again affirmed the doctrine of Davies v Kelley, supra, and in discussion thereof cited 16 R. C. L. 1039, Sec. 558, wherein it is set forth that "the rule has also been applied to porches." Citing Hinthorn v Benfer, 90 Kan. 731, 136 Pac. 247; Smith v State, 92 Md. 518, Widing v Penn Mutual Life Ins Co. Supra; Farley v Byers, supra. These cases seem to hold generally that where there is a joint and common use of a porch or areaway by two or more tenants and evidence of repair by the landlord, a question of fact is presented for determination by a jury as to reservation of control by the landlord for the purpose of making repairs, in the absence of any agreement on the subject to the contrary.

Our Courts of Appeals have had two cases since Davies v Kelley, namely, **Klein v Stewart Admr. 25 Oh Ap 393; Coventry Leasehold Co. v Welker, 43 Oh Ap 82.**

In the first mentioned case the landlord was held liable for a structural defect in a stairway used in common and in the second case the court again held the landlord liable for a defective stairway used in common. The issue raised in the latter case was that the stairway in question was an inside stairway to which the landlord did not have equal means of access to the basement stairway with his tenants because it did not form a means of ingress or egress from and to the building but could only be reached by doors leading from each storeroom occupied by the respective tenants.

In that case it was held that the common pleas court had erred in directing a verdict and upon a remanding of the case for retrial a judgment in the sum of $12,000.00 was rendered for plaintiff and was sustained by the Court of Appeals after the trial court had granted a remittitur to the sum of $7500.00.

In the case of Sullivan v Northridge, 246 Mass. 382, 141 N. E. 114, cited by plaintiff, it was held that the plaintiff was entitled to go to the jury on the question of landlord's retention of control, where the roof of a second floor piazza was part of the premises let to the tenant of the second floor. In that case there was evidence that the landlord had made some repairs as in the instant case.

In the case of Bolithe v Mints, 106 N. J. 449, 148 Atl. 737, the plaintiffs were tenants occupying one of two apartments on the third floor of the premises owned by the defendant. The plaintiff, Mildred Bolithe took hold of a clothes line for the purpose of hanging clothes thereon when the post or railing gave way, throwing her off the porch to the ground causing the injuries sued for. The trial resulted in a verdict for the plaintiff. It was held that it was not error for the trial court to refuse the motions for a non-suit or to direct a verdict in favor of the defendant and that the question of whether the landlord retained control of the balcony and rail for the general use of the tenants and whether he used due care under the facts to keep it reasonably safe, were jury questions where the testimony was of a controverted character.

In cases where premises are used jointly by several tenants, evidence of the conduct of the parties prior to the event is admissible as bearing upon the question of responsibility and control. The making of repairs by one party or another, together with all other circumstances in the evidence, is some evidence which may be considered as indicating the understanding, agreement or intention of the parties.

It is true that the courts sometimes use the word "possession" in conjunction with the word "control" but this does not necessarily mean actual possession in the sense of occupancy but rather possession for the purpose of exercising

control over parts of the premises used in common by the tenants. In other words, control is the criterion for the purpose of fixing responsibility.

In the instant case the occupants of these two apartments were several and not joint tenants of the owners. In the situation such as the facts here disclose on the evidence presented by the plaintiff and her witnesses, it is at least a matter of doubt if either of the tenants could have exclusive control or exclusive use and occupancy of this porch which the record indicates was used in common by them. On whom then devolved the responsibility to keep this portion of the premises so jointly used in repair and in proper condition for use by the tenants and such as might be their guests? Can it be said **as a matter of law** that the responsibility rested upon either one or both, or that either was under obligation to repair that portion immediately to the rear of each apartment? In view of the state of the record which is silent in respect of any express agreement for control and responsibility, but which shows that the owners had made some repairs to the porch but failed to make necessary repairs to the railing, although they had actual notice of the dangerous and defective condition thereof, can it be said **as a matter of law,** that no responsibility rested upon the owners? I think not. Rather it would appear from the uncontradicted evidence, with all reasonable inferences therefrom, being construed favorably to the plaintiff, that circumstances were here presented upon which different minds might reasonably draw different conclusions, one favorable to the plaintiff and the other unfavorable.

It would appear further that sufficient testimony had been introduced by the plaintiff in support of the allegations of her petition, to require the court to submit to the jury under proper instructions of law, the question of whether the landlords retained control of the porch and railing for the general use of the two tenants, and for the purpose of making repairs, and whether they exercised ordinary care under the circumstances to keep it reasonably safe for their use. Such being the case the motion of the defendants made at the close of the plaintiff's case should have been overruled.

For the reasons stated I respectfully dissent from the opinion expressed by a majority of this Court and from the judgment entered herein.