# HARRIET HILL v. WALTER J. GAERTNER.

## 92 N. W. (2d) 810.

### October 31, 1958—No. 37,512.

*S. Harry Gainsley, Gordon C. Peterson,* and *Charles Alan Wright,* for appellant.

*Mahoney & Mahoney* and *Harry H. Peterson,* for respondent.

DELL, CHIEF JUSTICE.

In this action plaintiff had a verdict for personal injuries. Defendant moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court granted the former but denied the alternative motion. Plaintiff appeals. The only questions before us relate to defendant's alleged negligence and plaintiff's alleged contributory negligence.

At the time of the injury plaintiff, then 26 years old, had occupied with another girl a third-floor apartment in defendant's building in the city of Minneapolis for nearly 3 months. On the day in question plaintiff left the apartment with the intention of visiting her parents' home. As

she was walking down the lighted corridor toward the stairway her roommate called to her in order to give her a message. Plaintiff turned around and continued walking backwards, angling toward a balustrade that protected the stairwell at the end of the hall and engaging in a conversation with her roommate all the while. She testified that she expected to come in contact with the balustrade and then turn around and descend the stairs. However, when she came in contact with it, she lost her balance and fell over it onto the stairs below, suffering serious injuries.

The building was constructed in 1914. Defendant, who owns properties in the Twin Cities but whose principal occupation is custom tailoring, acquired it about a year before the accident. From the date of acquisition up to the time of the trial he had made no structural changes in the building, and from the evidence it appears that the balustrade over which plaintiff fell had been a part of the building since its construction. The balustrade was flush with the edge of the floor and was 27 3/8 or 27 3/4 inches high. At the trial plaintiff was allowed to introduce, over objection, the testimony of two expert witnesses to the effect that there were accepted standards among architects relating to the construction and maintenance of railings; that, in their opinions, the balustrade in question, in order to adequately protect the stairwell, would have to be at least 34 inches high; and that such railings are usually 36 inches high. It is upon defendant's alleged negligence in failing to provide a balustrade of adequate height that plaintiff bases her claim.

Defendant's position, however, is that when the building was erected the plans and specifications were submitted to and approved by the building inspector of the city of Minneapolis and that after its construction it had been examined several times by the building inspector and that no request or criticism had ever been made with respect to the balustrade. No evidence was offered regarding any standards which may have existed at the time the building was built pertaining to the height of such railings. No other accidents of this nature have ever occurred in the building.

In order to prevail plaintiff must show the existence of a duty owing to her by defendant, a breach of that duty, and an injury proximately

resulting therefrom.[1] The law imposes upon landlords who retain possession of stairways for the common use of their tenants the duty to maintain them in a reasonably safe condition for use in the ordinary manner; it does not, however, make them insurers of their tenants' safety.[2] In the final analysis, then, we must determine whether defendant was under an obligation to provide a balustrade higher than the one in question.

We turn first to defendant's contention that the consistent approval of the premises by the building inspector immunizes him from any duty to raise the height of the balustrade. The portions of the building code which are here relevant were passed in 1934. Defendant's building, having been constructed 20 years earlier, falls within Minneapolis City Charter and Ordinances (Perm. ed.) 1:1-107.2, which provides in part:

"Existing buildings may be maintained in their present condition and occupancy except that such changes as are specifically required hereby or may become necessary for safety, shall be made when ordered by the Inspector of Buildings."

It is conceded that the building code contains no provision regulating the height of railings and probably never has contained one. Thus there is no occasion to consider whether there is some specific provision in the ordinances which would control the general one just cited.[3] It follows, therefore, that defendant was not required to change the height of the balustrade unless directed to do so by the building inspector under the safety provision of the ordinance. If the inspector was of the opinion that 27 3/4 inches was too low, it appears to us that there was ample authority under the code for him to issue a directive to increase its height.[4] Any arguments aimed at securing higher balustrades in order to conform to architectural standards would more properly be made,

[1] Eklund v. Kapetas, 216 Minn. 79, 11 N. W. (2d) 805; Anderson v. Hegna, 212 Minn. 147, 2 N. W. (2d) 820.

[2] Nubbe v. Hardy Continental Hotel System, 225 Minn. 496, 31 N. W. (2d) 332.

[3] Cf. Judd v. Landin, 211 Minn. 465, 1 N. W. (2d) 861.

[4] Minneapolis City Charter and Ordinances (Perm. ed.) 1:1-107.2, 1:1-604.1, 1:1-1110.2.

it seems, to the city council which could pass an ordinance relating to the matter or to the building inspector in whose discretion such matters rest in the absence of particular provisions in the building code. But to impose upon defendant the duty of calling in an architect to periodically reexamine his building, in addition to the annual visits of the building inspector, is to exceed the standards of reasonableness upon which the law of negligence is based.

We do not mean to imply that the testimony given by the expert witnesses can never be relevant. What we do say is that in cases where there is a requirement by ordinance or where there has been approval by the city building inspector they must control. Absent these, however, such testimony is not only admissible but desirable in aiding the jury to arrive at a just result.[5]

Even if we were not disposed to hold that in view of the building code there was no duty on defendant's part to install a higher balustrade, we would still be inclined to uphold the trial court on the principles of common-law negligence. Our prior cases have announced the rule that a landlord may be negligent in the maintenance of stairways if he fails to provide any railing at all[6] or if the railing which he provides is faultily constructed or has been allowed to deteriorate.[7] But this case falls into neither category. There is no claim that defendant failed to provide a balustrade, nor is it claimed that the one provided was structurally defective.

The purpose of constructing a balustrade is twofold. First, it must serve as a protection for persons who might reasonably be expected to fall into an otherwise open stairwell. But more important, it serves as a visual warning to people of the stairwell's existence. Persons going

---

[5]Boutang v. Twin City Motor Bus Co. 248 Minn. 240, 251, 80 N. W. (2d) 30, 39.

[6]Vosbeck v. Lerdall, 245 Minn. 164, 72 N. W. (2d) 371; Malmquist v. Leeds, 245 Minn. 130, 71 N. W. (2d) 863; Judd v. Landin, 211 Minn. 465, 1 N. W. (2d) 861.

[7]Paine v. Gamble Stores, Inc. 202 Minn. 462, 279 N. W. 257, 116 A. L. R. 407; Rose v. Mooers Brothers Inc. 161 Minn. 149, 201 N. W. 303; Williams v. Dickson, 122 Minn. 49, 141 N. W. 849; Widing v. Penn Mutual Life Ins. Co. 95 Minn. 279, 104 N. W. 239.

about their everyday activities in the normal manner are not likely to fall into open stairwells. They are unlike small children[8] or the physically disabled[9] who must rely on sturdy railings which are of sufficient height to prevent them from unexpected injury. Had plaintiff not been walking backwards, she would have had no cause at all to grasp the balustrade. She was neither a child nor a physically handicapped person; for her purpose, the balustrade was only required to serve as a reminder of the protected stairwell. In such situations it is uniformly held as a matter of law that the landlord has performed his duty by providing a balustrade similar to the one in question.[10]

One further issue, that of contributory negligence, also merits comment. We are required to determine whether plaintiff was contributorily negligent as a matter of law under the doctrine of Bridges v. Hillman, 249 Minn. 451, 82 N. W. (2d) 615, or whether her alleged contributory negligence was a question of fact for the jury as it was in Standafer v. First Nat. Bank, 243 Minn. 442, 68 N. W. (2d) 362. The factual distinction between the two cases disposes of the question. In the Standafer case the decedent was a chance invitee on defendant's premises and fell into an open elevator shaft. In holding that there was a question for the jury, we said (243 Minn. 449, 68 N. W. [2d] 367):

"* * * In the light of the surrounding circumstances, whether decedent intentionally and unreasonably exposed himself to a danger of which he had knowledge, or ought to have knowledge, and whether he conducted himself as a reasonable man should for his own protection were questions for the jury."

We there implied what the Bridges case made clear: That a person

[8]Berthiaume v. Kessler, 86 N. H. 305, 167 A. 273.

[9]Harmon v. Richardson, 88 N. H. 312, 188 A. 468.

[10]Reynolds v. Mion & Murray Co. 93 Ga. App. 37, 90 S. E. (2d) 593; Holloman v. Henry Grady Hotel Co. 42 Ga. App. 347, 156 S. E. 275; De Salvo v. Stanley-Mark-Strand Corp. 281 N. Y. 333, 23 N. E. (2d) 457; Holder v. City of Yonkers, 281 App. Div. 975, 120 N. Y. S. (2d) 291; Watt v. Adams Bros. Harness Mfg. Co. Ltd. 23 Alberta L. Rep. 94, [1928] 1 Dom. L. Rep. 59. And see, Berlin v. Wall, 122 Va. 425, 95 S. E. 394, L. R. A. 1918D, 161; Lucy v. Bawden [1914] 2 K. B. 318, 83 L. J. K. B. 523, 110 L. T. Rep. 580, 30 T. L. Rep. 321.

who is familiar with the surroundings, who obviously has knowledge of a danger, does not act as a reasonable man when he intentionally exposes himself to that danger. Applying that standard to the instant case, it is quite obvious that plaintiff was aware of the danger. She had seen the railing at least twice daily for nearly 3 months and knew its height as a matter of visual impression. She chose to walk backward while concentrating upon a message being communicated to her by a roommate. In so doing she intentionally exposed herself to the danger which resulted in her injuries. She was contributorily negligent as a matter of law.[11]

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.

---

[11]See, 13 Dunnell, Dig. (3 ed.) § 7033, and cases cited therein.